BETTY CHANDLER, as Administratrix of the Estate of PATRICIA G. CHANDLER, Deceased, Appellant, *v.* NELLIE M. KEENE, Respondent.

Third Department, December 19, 1957.

*Alan J. Friedlander* for appellant.

*William E. Palmer* for respondent.

HALPERN, J. This action was brought to recover damages for the death of the infant daughter of the plaintiff administratrix and for the infant's conscious pain and suffering. The infant was 4 years, 11 months and 10 days old at the time of the accident. She was a bright, healthy, normal child; she had attended Sunday school but had not as yet entered public school; she had been cautioned not to cross the street and had never crossed the street alone prior to the occasion of the accident. According to the plaintiff's proof, the child ran across the street from the west side to the east side, at a point about 60 to 70 feet north of the northerly line of the nearest intersection and when the child was almost across to the opposite curb, she was struck by the defendant's automobile. The defendant's proof was to the effect that the child had started from the east side and had run out in front of a parked car. The plaintiff's witnesses denied that there was any parked car at the scene of the accident. There was proof that the defendant did not reduce her speed prior to the accident and that the defendant's automobile proceeded 2½ to 3 car lengths after striking the child before stopping. The case thus presented fair questions of fact as to the child's contributory negligence and as to the defendant's negligence which required submission of the case to the jury. The jury returned a verdict of no cause of action.

The principal questions raised upon this appeal relate to alleged errors in the court's charge on the issue of the contributory negligence of the child. The trial court charged, without exception, that " this child was not obligated to use any higher degree of care than a child of that age of ordinary intelligence would have been expected to use under all of the circumstances * * * Whether or not this child was guilty of contributory negligence is for you to determine in the light of what you believe would be the conduct of a reasonably prudent child of the same age, capacity and experience under similar circumstances and, this being the case in which death resulted, the burden of proof of the contributory negligence, if any, is on the defendant."

The appellant argues that the court should have charged the jury that the child was incapable of contributory negligence as a matter of law. No request for such a charge was made upon the trial and, if such a request had been made, it would properly have been denied, under the controlling decisions. While it has been held that a child under 4 years of age is *non sui juris* as a matter of law (*Verni* v. *Johnson*, 295 N. Y. 436), the question of whether a child above that age is *sui juris* is usually

a question of fact for the jury (*Camardo* v. *New York State Rys.,* 247 N. Y. 111). A case might well arise, as the appellant argues, in which the court could properly hold as a matter of law that the injured child was *non sui juris* even though it was over the age of 4, on the ground that it was so lacking in intelligence and experience as to be incapable of appreciating the nature of the danger and of taking precautions to avoid injury to itself, but this is not such a case.

Unquestionably, the jury had the right to find that the plaintiff's intestate was *non sui juris* in fact but there was nothing in the court's charge which precluded such a finding. Implicit in the court's charge was the possibility that the jury might find that a child of the age, intelligence and experience of the plaintiff's intestate was not capable of exercising any care for its own protection and hence could not be charged with contributory negligence, regardless of its conduct. It would have been better, in the case of a child whose age was so close to the dividing line below which a child is *non sui juris* as a matter of law, to have made the charge more explicit on this point, but there was no request by plaintiff's counsel for an elaboration or clarification of the court's charge. In the absence of an exception or request, the failure to make the charge more explicit cannot be regarded as reversible error.

There was, however, an exception to the court's charge on another aspect of the question of contributory negligence which we think was well taken. At the conclusion of the court's main charge, the following took place:

" MR. PALMER: I further ask the Court to charge the jury that every person crossing a highway at any point other than within a marked or any unmarked crossing shall yield the right of way to vehicles upon the roadway providing this provision shall not relieve the driver of a vehicle from the duty of exercising due care for the safety of pedestrians.

" THE COURT: That is the law. I charge that.

" MR. PALMER: I further ask the Court to charge the jury that a violation of a statute is negligence.

\* \* \*

" THE COURT: That is the law but they must take into consideration with respect to the infant her age, as to her responsibility and as to her condition as I have already charged."

This charge was much too meager to give the jury a correct understanding of the issue involved. The initial request obviously referred to subdivision 4 of section 85 of the Vehicle and Traffic Law requiring pedestrians to yield the right of way to

vehicles upon the highway between intersections or crossings. The Trial Judge did not explain to the jury the limited significance of this statute. He did not explain that the statute did not prohibit the crossing of streets between intersections by pedestrians but merely required the pedestrian to yield precedence to the motor vehicle if the situation was such, taking into account the respective positions of the parties and the speed at which they were traveling, that if both persisted in their course, the pedestrian would be struck by the automobile (*Shuman* v. *Hall,* 246 N. Y. 51; *Faichney* v. *Ketelsen,* 250 App. Div. 868; cf. *Day* v. *Johnson,* 265 App. Div. 383, 387). In the absence of an explanation of this kind, the jury may well have been left with the impression that a pedestrian was forbidden by the statute to cross a highway at any point other than a regular crossing, if an automobile was in sight, regardless of how far away it was, and that therefore the mere fact that the child was crossing the highway at a point other than the crosswalk with the defendant's automobile in sight constituted a violation of the statute. The impact of the charge was accentuated by the fact that the court immediately thereafter referred to a " violation of a statute " as constituting negligence, the reference obviously being to the right of way statute which had just been mentioned.

Furthermore, the court's charge was not adequate in explaining the effect of the fact that the pedestrian was a child. Even if the situation had been such that an adult crossing the street at the point of the accident would have been chargeable with a violation of the statute, a child could not properly be charged with a violation unless it had the mental capacity to understand the nature of the statute and to make the calculations which were required in order to render the statutory duty applicable (*Locklin* v. *Fisher,* 264 App. Div. 452; Ann. 174 A. L. R. 1170). This should have been fully explained to the jury by the court.

The judgment and order appealed from should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

Foster, P. J., Bergan and Gibson, JJ., concur.

Judgment and order reversed, on the law, and a new trial ordered, with costs to appellant to abide the event.