## Raymond Altieri, Administrator (Estate of Nicholas Altieri) *v.* Geraldine D'Onofrio

Superior Court     New Haven County     File No. 85413

Memorandum filed January 27, 1958

*Jerome Hershey,* of New Haven, for the plaintiff.

*John C. Flanagan* and *Gorman, Bohonnon & Peck,* all of New Haven, for the defendant.

FitzGerald, J. Plaintiff is the administrator upon the estate of his minor son, Nicholas Altieri, who died on the early evening of April 15, 1956, as the result of injuries sustained on the late afternoon of the preceding day when he was struck by a car operated by the defendant. At the time of his death the lad was five years and eight months of age. In this action the plaintiff as administrator sought to recover damages for the death of his decedent on the grounds of the alleged negligence of the defendant in various respects. By way of answer the defendant admitted and denied various allegations of the complaint, and pleaded no knowledge as to others, and interposed as a special defense that the plaintiff's decedent was contributorily negligent in various alleged respects.

The trial of the action was to a jury of twelve on December 6, 10 and 11, 1957. At 3:22 p.m. on December 11, following a charge which occupied more than one hour, the case was committed to the jury for a verdict. In view of a particular exception to the charge taken by counsel for the plaintiff, the jury were recalled for a brief supplemental instruction. At 5:30 p.m. the jury through its foreman asked that the court restate that portion of its charge dealing with contributory negligence of a child of the age of the plaintiff's decedent. The court did so. After taking a vote in the presence of the court on the question whether to resume deliberation that evening or on the next morning (vote seven to five to resume that evening), the jury again retired to consider a verdict. At 5:55 p.m. a verdict for the defendant was returned.

The plaintiff has moved to set aside the defendant's verdict as being contrary to law and against the evidence. On January 13, 1958, arguments were heard on the motion. Parenthetically, it is observed that both parties filed requests to charge and that the plaintiff took no exception to the supplemental instruction of the court to the jury. On the motion to set aside the verdict, the plaintiff does not claim that the court failed to give a written instruction which was requested, or refused to correct an instruction upon which an exception was taken.

The plaintiff's claimed grievance is that the court did not charge the jury that the defendant had "knowledge that the vicinity in which she was driving was habitated by many children" and "knew or should have known that many children constantly cross said street at said vicinity." See complaint, paragraph 4, subdivisions (3), latter part, and (4).

In its charge the court considered in detail with the jury the kinds of negligence which can occur in

the operation of a motor vehicle on a public highway, from the standpoint of the common law and of statutory law. Such aspects as proper lookout, reasonable control, speeding, the giving of a signal, and the criterion of the defendant's conduct if confronted with an emergency were discussed at length.

Section 153 of the Practice Book (1951), amendatory in 1943 of § 156 of the edition of 1934, refers to the duty of counsel to file a written request to charge on a specific point or the taking of an exception after the charge is given. This rule has been consistently enforced by the Supreme Court since its adoption unless an exceptional situation is found to exist. *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 674.

The plaintiff urges that notwithstanding § 153 of the Practice Book, the court set aside the verdict for error in its charge. The action of the trial court in doing so in such cases as *Phenning* v. *Silansky,* 144 Conn. 223, 224, *McDonough* v. *Lenox Theater Co.,* 143 Conn. 646, 647, *Ardoline* v. *Keegan,* 140 Conn. 552, 559, and *Brunetto* v. *Royal Exchange Assurance Co.,* 126 Conn. 569, 572, among others, is cited. The situations present in these cases do not appear to be applicable.

Granting that the neighborhood was one in which many children resided, the actual presence of children on the nearby sidewalks on that late afternoon other than the plaintiff's decedent and another little boy, who was the only eyewitness called by the plaintiff, was in dispute. It is deemed that the court, in considering the plaintiff's allegations of negligence directed against the defendant in the manner in which it did, and in the absence of a requested correction, gave a sufficient guide on the essential allegations. "A charge must be 'correct in law, adapted to the issues and sufficient for the guidance

of the jury.'" *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 543. "The setting aside of a verdict by the trial judge for error in his instruction to the jury should be exercised by him with great caution, and never done, unless he is entirely satisfied upon the authorities or the statutes, that his error is unmistakable and must have been unquestionably harmful." *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 310, 311, quoted in the *Brunetto* case, supra, 572.

While the verdict was a general verdict, the request made by the foreman when the jury returned for supplemental instructions would indicate that the jury were primarily concerned with the law of contributory negligence in its application to a child of the age of the plaintiff's decedent. In considering with the jury the subject of the defendant's interposed special defense of contributory negligence, the court followed in the main the suggested charge on the subject as outlined by Judge Maltbie in his "Civil Jury Charges" (p. 101 et seq.).

Plaintiff's own offers of proof were to the effect that the lad ran out of his home premises, which were located on the south side of Blohm Street in West Haven, ran easterly along the sidewalk for some feet, and then dashed out into the street, when he was struck by the defendant's car, which was proceeding easterly. The presence of parked cars other than one in front of the home of the plaintiff's decedent was in dispute. It was the defendant's claim that there were other parked cars and that the lad sprang out between two such cars and that she saw him for the first time when he was fifteen inches in front of her car.

"It has been held by the Connecticut Supreme Court of Errors that a child of five and one-half years could be negligent, and that he should be re-

quired to use 'such care as may reasonably be expected of children of similar age, judgment and experience.' [*Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 50]. And it was indicated in one case that a child of four might possibly be contributorily negligent. [*Colligan* v. *Reilly*, 129 Conn. 26, 28]." Wright, Connecticut Law of Torts, p. 106; see the extensive annotation in 107 A.L.R. 4.

The question of contributory negligence was submitted to the jury as one of fact. So also the instructions on this phase contained the usual and customary criteria for consideration when the conduct to be judged is that of a young child.

Further discussion is not required. The verdict is considered sustainable in law and on the evidence. So also the charge of the court is considered to have been appropriate in essential respects and a proper guide to the jury. And this is so even though the requirements of § 153 of the Practice Book are removed as an impediment.

Motion denied in toto.