Abraham N. Geller, J.
Decision made on defendants’ motion to dismiss made at the close of plaintiff’s case and renewed after resting without offering any evidence.
This is an action by the owner of an apartment house for property damage resulting from a fire allegedly caused by a child of the age of 3 years and 11 months. The child lived with his father and mother in an apartment in that building.
The action was brought against the father in two capacities: individually and as guardian ad litem of the infant. Liability in these respective capacities must be carefully distinguished and treated separately. Actually, in the former capacity the father is being sued, while in the latter the child himself is being sued.
In his individual capacity a parent may be held liable for the tort committed by his child if some special circumstance Connecting that parent with the tort is shown to exist —such as negligently entrusting to the child a dangerous instrument; or *12 negligently making available to the child an instrumentality which though not dangerous in itself is likely to be put to a dangerous use because of the known propensities of the child. (See Steinberg v. Cauchois, 249 App. Div. 518, 519.)
Plaintiff has failed to elicit any evidence in support of the claim against the father individually.
The sole evidence as to the origin and cause of the fire was given by the mother of the child. Her deposition was taken and certain portions read by plaintiff, defendants reading the remainder. She testified in response to written interrogatories that her husband was not at home on that occasion; that the fire started in the bedroom; that she was not feeling well that morning and was in the bedroom, and asked her child to get her cigarettes and matches from the living room; that he brought her the cigarettes and matches, struck a match, that nothing ignited after he struck the match, that he did not throw a lighted match under the bed, and that she did not know how the fire started; and that her child had never played with matches. Evidence Avas presented by plaintiff allegedly contradictory of her deposition through a fire marshal, who had questioned her shortly after the fire, that she had told him that she had asked her son to bring her cigarettes and matches, had changed her mind when he brought them, but that the child had struck a match which fell into the bed.
Thus the only evidence as to the fire being caused by the child is that of the fire marshal, which is in the form of evidence inconsistent, to some extent, with the direct evidence given by the mother in her deposition.
But even accepting such evidence as presenting an issue of fact as to the cause of the fire, it is in no wise connected with the father. At best, but expressing no opinion, it might have been asserted against the mother on the ground that her request for cigarettes and matches to be brought to her by this young child might possibly render her liable for the consequences of intrusting him with matches. But such request by the mother was, of course, a personal one, not part of her function as her husband’s agent in managing the household. No proof whatsoever of any prior propensity to play with matches has been offered. There is obviously no basis for charging responsibility to the father as the parent for this wholly unanticipated occurrence.
This leaves the question of the child’s own legal responsibility for alleged negligence. It could be held even on the basis of the evidence most favorable to plaintiff, that of the fire marshal, that the striking of the match by the boy and its falling into the *13 bed was an accident occasioned by the mother’s changing her mind, and thus would not constitute negligence on the child’s part. But assuming that it would raise an issue of fact as to his negligence, the question of law is whether a child less than four years old can be held responsible for a negligent act.
In Rozell v. Rozell (281 N. Y. 106, 109) it was said: ‘‘ An infant is generally responsible for his own torts ” (emphasis added). In Eagle v. Janoff (12 A D 2d 638) where a boy 12 years of age was being sued, the court stated (p. 639): “In determining whether the act of an infant was negligent, his age, intelligence and experience, and the circumstances under which the act was committed must be taken into consideration ”.
However, in Verni v. Johnson (295 N. Y. 436) it was held as a matter of law that a child of less than four years of age is non sui juris and incapable of being guilty of negligence. It is true that the case involved an infant plaintiff three years and two months old against whom contributory negligence was asserted, but the opinion is not limited to contributory negligence but rather refers in terms to the entire question of a child’s negligence. Thus the court stated (p. 437): “In every reported case where the question has been squarely raised, this court has held that a three-year-old child is conclusively presumed to be incapable of negligence ”. (Citing cases.) Then on page 438: ‘£ Throughout the United States, ‘ as regards a child between three and four years of age, the weight of authority is in favor of a conclusive presumption of incapacity ’ (107 A. L. R. 100).” The court concluded (p. 438): “ The rule which refuses to allow such young children to be penalized for supposed faults has been followed in this court at least since 1868 * * *. No reason appears for changing it.”
In Prosser on Torts (2d ed., pp. 127-128) it is pointed out: “ While most of the cases dealing with children have involved contributory negligence, it has been held that there is no difference in principle when the child is a defendant.” Cases cited indicate that this is the majority view in jurisdictions which have discussed specifically the standards applicable to infants as plaintiffs and as defendants. Prosser also refers (p. 129) to an “ irreducible minimum ” in age, which in this State as well as generally throughout the United States has been fixed at four years. In American Jurisprudence (vol. 27, p. 814) it is similarly stated that “ no different measure is to be applied to their [children] primary than to their contributory faults.”
Although this precise point of the alleged negligence of a child less than four years of age sued as a defendant himself *14 has not apparently been passed upon in this State, it seems clear that the rule of law refusing to charge contributory negligence to such an infant, which is the law of the State, is equally applicable when he is a defendant.
The court determines that there is no issue of fact presented as to the child’s own alleged negligence; but that even assuming there is an issue of fact, that as a matter of law this infant is conclusively presumed to be incapable of negligence. It might be noted that the rule does not immunize from responsibility a child who is a titleholder to property and sued for damages connected therewith.
Defendants’ motions are accordingly granted and the complaint dismissed.