WANDA MILLEDGE *v.* THE STANDARD MATTRESS
COMPANY ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 153497

Memorandum filed January 24, 1968

*Feingold & Fernino,* of Hartford, for the plaintiff.

*Bailey & Wechsler,* of Hartford, for the defendants Standard Mattress Company, and Redding.

*Munford, Ludorf, Murray, Lawrence & Gates,* of Hartford, for the defendants Reynolds, and Good Humor Corporation.

SHAPIRO, J. This is an action by a minor plaintiff for injuries received as a result of being struck by an automobile while she was crossing a street. The minor plaintiff is alleged to have been age three years ten months at the time of her accident. The defendants, The Standard Mattress Company and George M. Redding, owner and operator of the automobile, respectively, have not admitted this allegation as to age and also have pleaded the special defense of contributory negligence. It is claimed that the plaintiff was negligent in that she was not watchful; she did not maintain a proper lookout; she walked or ran directly into the defend-

ants' path; and she failed to stop walking or running into the street. The plaintiff has demurred to this defense on the basis that a child of the age of the plaintiff cannot be held to be negligent as a matter of law.

The purport of the demurrer is to say that the defendants do not know this child's age. As argued by the defendants, it is true that the court cannot know her age until proof of this fact is offered at the time of trial. A demurrer is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged. *Blanchard* v. *Nichols,* 135 Conn. 391, 392.

There have been various cases decided in Connecticut dealing with charges of contributory negligence as alleged against a child. It was held a question of fact as to a girl of five. *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 52. It was held to be a question of fact as to a child of four years and four months. *Martyak* v. *New England Transportation Co.,* 120 Conn. 46, 50. Where the plaintiff was two years of age, the law imposed no duty upon him of due care. *Simon* v. *Nelson,* 118 Conn. 154, 157. Where the plaintiff was four years and nineteen days old, the issue of contributory negligence was in the case. *Press* v. *Connecticut Co.,* 95 Conn. 45, 47. In Connecticut there seems to be no fixed cutoff age below which the court holds a child incapable of contributory negligence. It seems that each case, except for the two-year-old child above, depends upon the factual situation.

In the trial of this case, assuming the age is shown to be three years and ten months, the trial judge will have to determine whether to charge on the issue, as a matter of law, or leave it to the jury as an issue of fact. In Connecticut, the stand-

ard of care of a child is not to be gauged by conduct measured by the same standard as that of a mature person but by such judgment and experience as children—in this case, girls—of similar age, experience and judgment would use under the circumstances. *Grenier* v. *Glastonbury,* 118 Conn. 477, 481. It should also be remembered that the court's instructions to the jury on this issue contain the usual and customary criteria for consideration when the conduct to be judged is that of a very young child.

In conclusion, at this stage of the issues, the court cannot act affirmatively on the plaintiff's demurrer regardless of how it may feel about the alleged age fact here involved. It must devolve upon the trial judge, who must exercise his best judgment on whether to decide the issue as a matter of law or let it go to the jury, with adequate instructions.

The demurrer is, therefore, overruled.