Harold Hyman, J.
This motion made by plaintiffs pursuant to CPLR 3211 (subd [b]), to dismiss defendant’s affirmative *776 defense, is on first impression one that brings to the forefront a needful interpretation of CPLR article 14-A, particularly CPLR 1411 and CPLR 1412, which first became effective September 1,1975.
The facts in the instant matter, as presented by the papers, are as follows:
Yun Jeong Koo is an infant under the age of 18 years; actually it is claimed she was only four years and 10 months old at the time of the occurrence. The infant, by her "parents and guardians”, brings this action to recover damages for personal injuries suffered by reason of defendant’s negligence in the operation of his automobile on May 10, 1976, and they also personally claim damages because of claimed deprivation of society, companionship, love, affection and services of their daughter.
Defendant’s answer to the complaint contains an alleged "affirmative defense” which states: "Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of this * * * answering defendant[s].”
Plaintiffs contend that the alleged defense is without merit and insufficient as a matter of law in that, because of infant plaintiff’s age, she cannot be held contributorily negligent (Ehrlich v Marra, 32 AD2d 638) and therefore guilty of culpable conduct.
Defendant contends that his affirmative defense is based upon the relatively new provisions and requirements of CPLR article 14-A, more particularly CPLR 1411 and CPLR 1412 which became effective on September 1, 1975 by section 4 of chapter 69 of the Laws of 1975, which state: "In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.” (CPLR 1411.) Further, CPLR 1412 provides that: "Culpable conduct claimed in diminution of damages, in accordance with section fourteen hundred eleven, shall be an affirmative defense to be pleaded and proved by the party asserting the defense.”
*777 This article and the provisions aforestated indicate an adoption by the Legislature of this State of a doctrine of pure comparative negligence, permitting plaintiffs who are contributorily negligent to receive proportionately diminished recoveries even where they may have assumed the risk leading to their injury and damage. It also changes the plaintiff’s former necessity of proving himself free from in anywise contributing to the occurrence which caused his injuries by now placing the onus, the burden, upon defendant to plead and prove plaintiff’s "culpable conduct” in diminution of plaintiff’s damage. The burden of proof has therefore now been shifted by statute to defendant.
It is defendant’s contention in this matter that prior case law involving infants being incapable of being contributorily negligent has given way to the now broader concept that an infant may be held to have culpably conducted herself to a degree that her damage from injury could be diminished to the point of zero.
The law is well settled that an infant under four years of age is presumed legally incapable of understanding danger and therefore cannot be found negligent nor in any way responsible for her acts. (Verni v Johnson, 295 NY 436; Ann., 174 ALR 1078; Beekman Estate v Midonick, 44 Misc 2d 11.) This theory, in one matter, has even been extended to an infant four years and 10 months of age (Ehrlich v Marra, 32 AD2d 638, supra), a case decided in 1969. On the other hand, there are cases which hold that there is no such presumption with respect to a child above the age of four years (Snell v MVAIC, 34 AD2d 872) who, if of sufficient maturity to appreciate danger and to take steps to avoid it, may be chargeable with negligence. (Camardo v New York State Rys., 247 NY 111, 116; Chandler v Keene, 5 AD2d 42; Weidenfeld v Surface Transp. Corp. of N. Y, 269 App Div 341, 344-345.)
In Camardo v New York State Rys. (supra, pp 116-117), the court was confronted with the issue of a child four years and 10 months old (similar to the infant plaintiff herein) and the court therein stated:
"True, there are cases when an infant plaintiff injured by the negligence of another is so young that even though we recognize individual variations in children of the same age, the only reasonable inference is that the child was incapable of realizing or avoiding the danger of injury. Only in such *778 cases may we say that a child is non sui juris as a matter of la w (emphasis supplied) * * *
"[N]o rule of thumb can be deduced which is applicable to all cases. Determination whether under the particular circumstances in each case reasonable men might differ as to the inferences that can be drawn is decisive of whether upon the evidence a question of fact or of law is presented. * * * It would perhaps be more accurate to say that under some circumstances, in the absence of any evidence bearing upon the capacity of a particular child except its age, an inference may be drawn, in the light of common experience, as to the child’s ability to apprehend and avoid the danger which resulted in its injury. (Stone v Dry Dock, etc., R. R. Co., supra [115 NY 104].) Here, too, however, it must be noted that from the cases decided in this court no general rule can be deduced that at a definite and fixed age the basis for an inference that a child is incapable of caring for itself under particular circumstances fails”.
The court further stated (pp 118-119):
"No rule of law fixes an arbitrary age at which a particular degree of care may be expected, or furnishes a true presumption which takes the place of evidence, that a child is not chargeable with contributory negligence. Only where the circumstances admit of only one inference may the court decide as a matter of law what inference shall be drawn.
"It is difficult to draw distinction between the capacity which a child of four years and ten months may have, and the capacity of a child of five years or five years and two months. There must always be some border line where such distinctions become illusory. Attempts by the courts to fix that border line, regardless of surrounding circumstances, must result in distinctions which at times are arbitrary * * * Determination of the degree of care which may be expected of children is based upon factors which the jury can weigh in the light of their experience * * * Except in cases where the judge can safely decide that reasonable jurors would arrive at the same determination, the question of a child’s capacity to take care of itself should be left to the determination of the jury. ” (Emphasis supplied.)
As to a child over four years of age, there is a recognized exception to that rule regarding the care required of such an infant where the child engages in an activity normally only engaged in or undertaken by an adult, and for which adult *779 qualifications are required. (Restatement, Torts 2d, § 283A, Comment c.)
In the present matter we are, as previously stated, dealing with an infant four years and 10 months old, unprotected by any presumption but who, it is incumbent upon defendant to plead and prove, was of sufficient maturity to appreciate the danger involved and to take steps to avoid it. It will be incumbent upon the jury under a proper charge to determine the standard for an infant as to the degree of care a reasonably prudent child of such years, experience, intelligence and degree of development would exercise under the circumstances. (Camardo v New York State Rys., supra.) The ruling is more rational when, in this modern day of enlightenment, children are prone to view television programs which, by voice and sight exemplification, point out to youngsters of very early age the necessity of their looking and listening to avoid danger or dangerous conditions. The attention of young children is brought to bear on many and diverse situations calling for their observation and care and their intelligence has noticeably grown with the times. It would therefore appear that the Camardo case, even though decided in 1928, would be even more applicable to today’s world and more pertinent to an advancing technology.
Defendant also contends that the affirmative defense has been asserted against the parents-guardians of the infant in whose care, custody and control the infant was at the time of the accident and who, it is claimed, "pushed the infant in such a way as to cause contact between the defendant’s vehicle and the infant”. Plaintiffs contend that such defense would impute to the infant the negligence of the parent, which would be contrary to law.
True it is that the contributory negligence of the parent may not be imputed to the child (General Obligations Law, § 3-111), but this does not preclude the defendant’s seeking recovery of contribution from the parent where the parent’s conduct toward his or her child would be a tort if done by one ordinary person to another. (Holodook v Spencer, 36 NY2d 35.) Here we have defendant’s claim that the tortious act of the parent-guardian was an active competent producing cause of the infant’s accident. This proof would not impute the parent’s negligence to the child, but would permit defendant’s obtaining full or partial recovery by way of contribution from the parent. (Holodook v Spencer, supra.)
*780 The affirmative defense is viable. Plaintiff’s motion is, therefore, denied in all respects.