[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 8, 1995
This action arises out of an accident that occurred on September 18, 1992, which caused three-year old Brandon M. Courchesne plaintiff's decedent to suffer severe personal injuries resulting in his death. The material facts surrounding this matter were outlined in the court's earlier decision in this case dated December 19, 1994. Courchesne v. Dickau BusCo., Inc., Superior Court, JD of Hartford/New Britain at Hartford, DN 527989 (December 19, 1994) (Mulcahy, J.).
On March 29, 1994, the defendants, Dickau Bus Company and Lorraine Clyburn, filed a motion to cite in Michael Courchesne as a defendant, pursuant to General Statutes §§ 52-102 and 52-572h(f), and Practice Book § 103, claiming that he is a party who is necessary for a complete determination of apportionment of damages since his negligent supervision of the decedent was the proximate cause of the damages now sought.
The motion to cite in the additional defendant is relevant only as it relates to the first three counts of CT Page 2510-JJ the plaintiffs' complaint which were directed specifically to these defendants. Count One is brought by Terri B. Courchesne as Administratrix of the estate of the decedent and alleges a claim for negligence. Count Two is brought by Kailey Courchesne PPA, sister of the decedent, claiming bystander emotional distress, and Count Three is brought by Terri B. Courchesne claiming medical expenses as a result of the treatment required for the injuries alleged in Count Two.
Plaintiffs have filed an objection dated October 28, 1994 alleging that Michael Courchesne, who is the father of the plaintiffs' decedent, is immune from liability and therefore cannot be made a party under the above statutes.
Additionally, the plaintiffs argue that public policy prevents Michael Courchesne from being joined as to Count Three of the complaint, which is brought by his wife Terri B. Courchesne on her own behalf, because it would violate public policy to compel his wife to sue him against her wishes.
Defendants argue that immunity doctrine is not applicable in this case because the public policy behind such immunity does not pertain when the parent-child relationship is terminated by the death of the child.
Additionally, the defendants argue that the parental immunity doctrine is inapplicable as to Count Three since this count is brought directly by Terri B. Courchesne for medical expenses rather than on behalf of a minor child.
 I
General Statutes Section 52-102 states, in relevant part:
 [u]pon a motion made by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided noCT Page 2510-KK person who is immune from liability shall be made a defendant in the controversy. (Emphasis added.)
Our Supreme Court in Dubay v. Irish, 207 Conn. 518,523 (1988) stated that:
 The parental immunity doctrine bars an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent . . . [and] . . . Under this doctrine "a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority."
The Dubay court added that although the legislature has specifically abrogated the parental immunity doctrine in motor vehicle, aircraft, and boat accidents, the doctrine continues to apply where the alleged negligent conduct involves the exercise of parental supervision. See Green v. Mancusi, Superior Court, JD of Stamford at Stamford/Norwalk, DN 128849 (Jan. 18, 1994) (Karazin, J.), citing Dubay v. Irish, supra,207 Conn. 527.
In Dubay the court further reasoned that "allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familial distinctions and bereft of any standards, to second-guess a parent's management of family affairs." Id.,
527. Additionally, the "[c]ourts should not unnecessarily involve themselves in the day-to-day exercise of parental discretion regarding the upbringing and care of children." Id.
The Supreme Court has not specifically ruled on the issue of whether the parent of an additional defendant is immune from liability under the parental immunity doctrine and, therefore, cannot be added for apportionment purposes under §§ 52-102 and 52-572h
when a claim against the parent sounds in negligent supervision. There is a difference of opinion within the Superior Court as to whether apportionment should be permitted regardless of the bar provided by the parental immunity doctrine.
In three recent Superior Court decisions, all of CT Page 2510-LL which are factually similar to the present case, claims for apportionment based on negligent supervision have been denied based on the parental immunity doctrine.
In Oritz v. Douglas, 9 CONN. L. RPTR. 62 (1993) (Hennessey, J.), the defendants attempted to join the father of the minor plaintiff under §§ 52-102 and 52-572
for apportionment purposes by alleging that the father's negligent supervision proximately caused the minor's injuries. The mother of the minor brought an action on behalf of her daughter for the child's injuries as well as a second count in her individual capacity to recover for medical expenses. The court, after discussing apportionment under §§ 52-572h and 52-102, and the parental immunity doctrine, held that the father of the minor plaintiff "may not be cited in . . . pursuant to General Statutes § 52-102 because he is immune from liability as the parent of the minor plaintiff."
The case of Waddicor v. Bozrah Light Power, 9 CONN. L. RPTR. 190 (1993) (Teller, J.), involved a personal injury claim brought by a minor through his father, as well as an additional count brought by the father individually in which he sought medical expenses. The defendants attempted to have a claim for apportionment brought under §§ 52-102 and 52-572h
alleging that the mother's negligent supervision should be considered when determining liability, and therefore, she should be joined in the action. The court, in denying the defendant's apportionment attempt, stated that:
 [Since] the third-party defendant is the parent of the injured plaintiff, suit against her for negligent supervision is barred by the doctrine of parental immunity and, therefore, she is immune from liability . . . [and] . . . the [defendant] cannot now seek apportionment from [the mother], and this claim must fail.
 Haims v. Omni Fitness Equipment Specialists, 8 CONN. L. RPTR. 375 (1993) (Fuller, J.), also held that the plaintiff child's mother cannot be joined in the action for apportionment purposes based on negligent CT Page 2510-MM supervision because of the parental immunity doctrine. As in the present case, the father in Haims
personally sought to recover for payment of medical expenses incurred for the minor child, as well as an action on behalf of his child.
We concur with the reasoning in these cases and hold that when a parent's negligent supervision is alleged as a basis for apportionment of liability under §§ 52-102 and 52-572h, the parental immunity doctrine prevents the parent from being added for apportionment purposes. We are not persuaded by the defendants' argument that the parental immunity doctrine is no longer relevant upon the termination of the parent-child relationship, such as the death of the child. See Brozdowski v. Southern Connecticut GasCo., 7 CONN. L. RPTR. 237 (1992) (Katz, J.); Raffuse v.Rollar Homes, Inc., 8 CSCR 623 (1993) (Higgins, J.)
Defendant's Motion to Cite in is denied.