[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
This is an action brought by Sharon LeClair, as parent and next best friend of her minor daughter, Samantha VanDine, (hereinafter "plaintiff") and on her own behalf, against the defendant, Timothy Marley, to recover damages for injuries sustained by the then two year old plaintiff. The complaint alleges that the plaintiff was a pedestrian standing alongside a highway when she was struck by an automobile operated by the defendant.
The defendant, Marley, by his answer, denied liability and in addition, filed a Special Defense alleging that the plaintiff VanDine was herself negligent. He, in addition, filed a counterclaim against LeClair, alleging that the plaintiff's injuries were due to LeClair's negligent supervision of her minor daughter. In the counterclaim, the defendant, sought an apportionment of liability between himself and LeClair.
Both plaintiffs filed this Motion To Strike the Special CT Page 1431-FFF Defenses and the Counterclaim on the grounds that a two year old child does not have the capacity to be negligent and that liability can not be apportioned against an immune party.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215,618 A.2d 25 (1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law.Verdon v. Trans-america Ins. Co., 187 Conn. 363, 365,446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,135, 492 A.2d 545 (1985), cert. dismissed, 197 Conn. 801
(1985).
A. Special Defense
The question raised in the instant motion is whether a two year old child a matter of law can be found responsible on a theory of negligence. Connecticut courts have applied a different standard of care to children than to adults. Marfyak v. NewEngland Transportation Co., 120 Conn. 46, 49, 179 A. 9
(1935); Grenier v. Glastonbury, 118 Conn. 477, 481,173 A. 160 (1934); Rutkowski v. Connecticut Light PowerCo., 100 Conn. 49, 53, 123 A. 25 (1923); Lutteman v.Martin, 20 Conn. Sup. 371, 374, 135 A.2d 600 (1957);Fitzgerald v. Lawhorn, 29 Conn. Sup. 511, 514,294 A.2d 338 (1972). "[T]he law . . . has regard for the immaturity of childhood and does not require the same degree of care of a child as it does an adult." Rutkowski v. Connecticut Light PowerCo., supra, 100 Conn. 53. A child charged with negligence is entitled to be judged not by the same standard as a mature person, but by "such judgment and experience as [children] of similar age, experience and judgment would use under the circumstances." Grenier v. Glastonbury, supra,118 Conn. 481.
Some jurisdictions, outside of Connecticut, recognize that there is an age at which a child is not capable of being negligent. The cases in those jurisdiction make a "conclusive presumption that a child below a certain age is incapable of CT Page 1431-GGG negligence." Modern Trends as to Tort Liability of Child ofTender Years, 27 American Law Reports 4th 15, 38 (1984);Figueroa v. Waldbaums, Inc., 609 N.Y.S.2d 764 (1994);Mastland, Inc. v. Evans Furniture, Inc.,498 N.W.2d 682, 684-85 (1993); DeRobertis v. Randazzo,462 A.2d 1260 (1983); Dunn v. Teti, 421 A.2d 782 (1980);Koo v. St. Bernard, 392 N.Y.S.2d 815 (1977);Beekman Estate v. Midonick, 252 N.Y.S.2d 885 (1964);Shaske v. Hron, 63 N.W.2d 706 (1954).
The prevailing view in Connecticut is that a child is not automatically immune from liability, and that a child should be compared to the standard of an ordinary child of comparable age, knowledge, and experience. Neal v. Shiels, 166 Conn. 3,11, 347 A.2d 102 (1974); Marfyak v. New EnglandTransportation Co., 120 Conn. 46, 49, 179 A. 9 (1935);Milledge v. Standard Mattress Co., 27 Conn. Sup. 358,238 A.2d 602 (1968); Altieri v. D'Onofrio, 21 Conn. Sup. 1,4, 140 A.2d 887 (1958); Lutteman v. Martin,
supra, 20 Conn. Sup. 374; Grenier v. Glastonbury,
supra, 118 Conn. 481. However, one Connecticut case has stated that a "child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character. Lutteman v.Martin, supra, 20 Conn. Sup. 374. The Connecticut Supreme Court in the case of Simon v. Nelson, 118 Conn. 154,157, 170 A. 796 (1934) upheld a jury charge that a two year old carried no duty of care in relation to a motor vehicle accident where the minor was a passenger.
This court is confident that this two year old plaintiff compared to the standard of an ordinary child of comparable age, knowledge and experience would inevitably result in the common sense conclusion that she could, under no circumstances, be capable of negligence. The court is also satisfied that the conclusion that a two year old does not possess the mental capability of recognizing the duty required of one held to be negligent is "within the knowledge of people generally in the ordinary course of human experience" and therefore subject to judicial notice, which the court will exercise in this instance. See Nichols v. Nichols, 126 Conn. 614, 620. This is bolstered by the same conclusion reached by the trial court inSimon v. Nelson, supra, that was affirmed by our Supreme Court. The court will therefore grant the plaintiff's CT Page 1431-HHH motion to strike the defendant's special defense.
B. Counterclaim
The issue raised as to claim for apportionment that is raised in the counterclaim is whether a parent can be held responsible to a child for lack of parental supervision so as to share negligent responsibility with another. The short answer is no, which is based in the doctrine of parental immunity which still exists in this state. In Dubay v. Irish, 207 Conn. 518,523 (1988), the Supreme Court stated that:
 The parental immunity doctrine bars an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent . . . [and] . . . Under this doctrine "a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority."
The issue here was decided in a recent Superior Court case.Courchesne v. Dickau Bus Co., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 527989 (March 8, 1995, Wagner, J., 14 Conn. L. Rptr. 130). InCourchesne, the court denied a motion to cite a party who was immune under the parental immunity doctrine. The court cited to three recent Superior Court decisions considering the same issue as in this case, each of which denied claims for apportionment based on negligent supervision, on the grounds of the parental immunity doctrine. Ortiz v. Douglas,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 515187 (April 27, 1993, Hennessey, J.,9 Conn. L. Rptr. 62); Waddicor, ppa v. Bozrah Light Power, Superior Court, judicial district of New London at New London, Docket No. 523746 (May 28, 1993, Teller, J.,9 Conn. L. Rptr. 190); Haims v. Omni Fitness EquipmentSpecialists, Superior Court, judicial district of Danbury, Docket No. 30 84 18 (Feb. 18, 1993, Fuller, J., 8 CSCR 268). In all of these cases, the party protected by parental immunity was also "immune" from apportionment since they were not a "party against whom recovery is allowed" pursuant to General Statutes § 52-572h(c).
This court is aware of those Superior Court cases which have permitted apportionment among immune parties. Douglas v.Dawson, Superior Court, judicial district of New Haven at CT Page 1431-III New Haven, Docket No. 338748 (June 16, 1995, Hartmere, J.) (Allowing a party against whom the statute of limitations has run to be cited in for apportionment purposes); Brozdowski v.Southern Connecticut Gas Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 289173 (September 21, 1992, Katz, J., 7 Conn. L. Rptr. 237) (holding that the parental immunity doctrine does not prevent the trier from considering a parent's negligence for purposes of apportioning liability); Bueno v. Duva, 7 CSCR 919 (August 10, 1992, Fuller, J.) (even if direct claim by child against parent barred by parental immunity doctrine, negligence of parent who is party to the action considered when trier determines percentages of negligence). In spite of these well reasoned opinions in favor of permitting apportionment among immune parties, our legislature recently enacted legislation which will prevent apportionment among immune parties. P.A. 95-111 provides that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment pursuant to section 52-572h of the general statutes." Although P.A. 95-111 is not applicable here since it only applies to actions brought after July 1, 1995, it does provide some insight as to whether the legislature ever intended apportionment among immune parties. Given this present legislation, which is admittedly not controlling to the instant matter, this court is convinced that the preferable view, pre P.A. 95-111, supports the view that immune parties should not be made parties for apportionment purposes, and therefore the court will adopt that position. The court therefore will grant the plaintiff's motion to strike the counterclaim. The Motion to Strike #105 is granted.
/s/ Pellegrino, J.