■ HELEN DEITZ et al., Appellants, v ANNE M. HUIBREGTSE, Respondent. (Action No. 1.) MARY FREUDIG, Appellant, v ANNE M. HUIBREGTSE, Respondent. (Action No. 2.) [808 NYS2d 737]—

In an action to recover damages for personal injuries, etc., and a related action to recover damages for personal injuries, which were jointly tried, (1) Helen Deitz and Nicholas Deitz, the plaintiffs in action No. 1, appeal from a judgment of the Supreme Court, Dutchess County (Tolbert, J.), dated June 6, 2003, which, upon a jury verdict, is in favor of the defendant and against them, in effect, dismissing the complaint in action No. 1, and (2) Mary Freudig, the plaintiff in action No. 2, appeals from a judgment of the same court also dated June 6, 2003, which, upon a jury verdict, is in favor of the defendant and against her, in effect, dismissing the complaint in action No. 2.

Ordered that the judgments are reversed, on the law, and a new joint trial is granted, with costs to abide the event.

In these related actions based on a single incident where the defendant's car collided with two pedestrians, over the plaintiffs' objection the trial judge issued an emergency doctrine charge. Because an emergency doctrine charge is clearly not applicable to the facts even when viewed in the light most favorable to the defendant, the judgments must be reversed and the actions remitted for a new joint trial.

There is no dispute that on January 2, 2001, near midday, the plaintiffs Helen Deitz and Mary Freudig (hereinafter the injured plaintiffs) were pedestrians attempting to cross Route 22, south of the hamlet of Amenia, New York. At the location where the plaintiffs chose to cross the road, there was no marked pedestrian crossing area delineated. Neither injured plaintiff saw any oncoming traffic and started to cross the road. After crossing one lane of the two-lane highway, the injured plaintiffs were struck by the defendant's vehicle.

On the date in question the weather was clear. Route 22 at the accident location is a straight two-lane road—one lane for northbound traffic and the other for southbound traffic. Each lane has a shoulder and no sidewalks. The accident occurred some distance south of the commercial area of Amenia. There is no dispute that the posted speed limit in that area is 35 miles per hour.

Route 22 just north of the accident site has a posted yellow sign advising drivers to exercise caution for pedestrians. Immediately south of that sign there is a rise or hill.

The defendant testified that she was traveling within the posted speed limit. There is no indication that she slowed her speed upon seeing the yellow caution sign or while ascending the hill, although the elevation impaired her vision of the roadway ahead. As she reached the crest of the hill, she testified that she saw the plaintiffs and hit her brakes, but did not have time to stop. There is no indication that she attempted to swerve or veer out of the path of the pedestrians. Instead, the defendant applied her brakes and struck the plaintiffs, causing them to be thrown onto her car. Conflicting proof was heard as to the distance between the peak of the crest and the site of the accident. The defendant contended that there was only about 50 feet separating these two points and the plaintiffs asserted that the distance was about 300 feet.

Vehicle and Traffic Law § 1146 imposes a superseding duty on a motorist to exercise due care to avoid hitting a pedestrian. The Pattern Jury Instruction informs the jurors of the general rule, inter alia, that a driver is under a duty to keep a reasonably careful look out for pedestrians, to see what is there to be seen, and to use reasonable care to avoid hitting any pedestrian on the roadway (*see* PJI3d 2:75 [2005]). The fact that a pedestrian crosses a street at a site other than a cross road is not prohibited, nor is it negligence per se (*see Chandler v Keene*, 5 AD2d 42 [1957]; *Franco v Zingarelli*, 72 AD2d 211 [1980]). There is no proof in the record that the plaintiffs entered the roadway knowing that the vehicle was within sight, thus ceding the right of way to the motorist (*see* Vehicle and Traffic Law § 1152 [a]).

An emergency charge is only proper when, viewing the evidence in the light most favorable to the party requesting it, there is a reasonable view of the evidence that the defendant's conduct was the product of a sudden, unforeseeable occurrence not of the defendant's own making (*see Caristo v Sanzone*, 96 NY2d 172 [2001]). Where, as here, there is a sign warning of pedestrians in the area and the elevation of the roadway obscures the driver's view of what lies ahead, a greater degree of caution was required. Moreover, under the facts of this case, it was not unforeseeable that pedestrians would attempt to cross the roadway.

Accordingly, the judgments must be reversed and a new joint trial granted.

In light of the foregoing, we need not reach the appellants'

remaining contentions. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.