Liying Qian v Eggens (2026 NY Slip Op 00244)

Liying Qian v Eggens

2026 NY Slip Op 00244

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-09392
 (Index No. 717654/20)

[*1]Liying Qian, appellant, 
vHenry Eggens, et al., respondents.

Elefterakis, Elefterakis & Panek (Oliver R. Tobias and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Jillian Rosen], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Chase Henry Mechanick of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 4, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she was struck by a police vehicle driven by the defendant Henry Eggens while she was walking across Northern Boulevard in Flushing. At the time of the accident, Eggens was making a prohibited left turn onto Northern Boulevard from Union Street. Upon the completion of discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability and dismissing the defendants' first affirmative defense, alleging comparative negligence. By order dated January 4, 2023, the Supreme Court, inter alia, denied those branches of the motion. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Wei Ping Zheng v Sun & Son, Inc., 233 AD3d 733, 734 [internal quotation marks omitted], quoting Marangoudakis v Suniar, 208 AD3d 1233, 1235; see Marazita v City of New York, 202 AD3d 951, 952). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d 312, 324-325). "However, while 'a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the [*2]plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff'" (Maurice v Donovan, 235 AD3d 633, 634, quoting Sapienza v Harrison, 191 AD3d 1028, 1029). "'[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se'" (Wei Ping Zheng v Sun & Son, Inc., 233 AD3d at 734, quoting E.B. v Gonzalez, 208 AD3d 618, 619).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability. As conceded by the defendants, Eggens made a prohibited left turn onto Northern Boulevard from Union Street in violation of Vehicle and Traffic Law § 1110(a) and was therefore negligent per se. Moreover, in support of her motion, the plaintiff submitted, among other things, copies of transcripts of her deposition testimony and that of Eggens. The plaintiff testified that she looked for oncoming traffic before entering a crosswalk, that the pedestrian signal was in her favor, and that she was walking through the crosswalk at a normal pace when the accident occurred. Notably, Eggens testified that he only saw the plaintiff approximately one second before the collision and that she was running a few feet outside the crosswalk. This evidence was sufficient to establish, prima facie, that Eggens also violated Vehicle and Traffic Law § 1146, "which imposes a superseding duty on drivers to 'exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway'" (Hockaday v Hessel, 223 AD3d 465, 465, quoting Deitz v Huibregtse, 25 AD3d 645, 646), and that Eggens' negligence was a substantial factor in causing the plaintiff's accident (see id.; Deitz v Huibregtse, 25 AD3d at 646). Contrary to the defendants' contentions, whether the plaintiff was outside the crosswalk or was otherwise negligent in crossing the street is relevant to the plaintiff's comparative fault but does not affect the determination that Eggens was negligent in the happening of the accident (see Hockaday v Hessel, 223 AD3d at 465-466; Deitz v Huibregtse, 25 AD3d at 646). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
However, based upon the parties' conflicting versions of the accident, the plaintiff failed to establish, prima facie, that she was not comparatively at fault in the happening of the accident (see Hartell v Shaukat, 227 AD3d 963, 965). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court