In this action the minor plaintiff is seeking damages of a minor defendant, and of his parents, the demurrants, for injuries alleged by her to have been sustained *Page 300 
when a bicycle operated by the minor defendant upon a public sidewalk in New London ran her down. The parents of the minor defendant demur on various grounds which in effect challenge the sufficiency of the complaint and amendment thereto as to them on the proposition that parents as a matter of law are not responsible for the tort of their child.
The complaint as amended is in three counts. It is the third count, incorporating certain allegations of the first two counts by reference, which seeks to impose liability upon the parents. The material facts therein alleged which stand admitted for the purpose of the demurrer are these: On the evening in question the minor defendant was operating his bicycle upon a public sidewalk in New London, contrary to an ordinance, and ran the plaintiff down resulting in injuries to her person; the demurrants are the parents of the minor defendant; the demurrants "knew or had reason to know" that their son "was accustomed to operate his bicycle upon the sidewalks of the City of New London contrary to the ordinance made and provided."
In support of their position the demurrants cite Wood v.O'Neil, 90 Conn. 497. That is a case in which the action of the trial court in granting a nonsuit in favor of the parents of a minor son was upheld. Said the court (p. 500): "Upon an examination of all the evidence, we think that the case against the parents amounted to no more than a claim that they were negligent in the eye of the law solely because they put a shotgun into the hands of a boy not quite sixteen years old; a proposition which is manifestly untenable."
The office of a demurrer serves the purpose of testing the legal sufficiency of the pleading to which it is directed. It is to be noted that the case on paper against the parents is that their minor son violated an ordinance in operating his bicycle upon a public sidewalk and that they knew or had reason to know that he was accustomed to so operate contrary to the ordinance. It is considered that the Wood case, relied upon by the demurrants, is essentially concerned with the absence of sufficiency of proof and not insufficiency of allegations. It is, however, the only case contained in the Connecticut reports which comes close to the problem presented.
Broadly stated, parents at common law are not liable for the torts of their minor children. To this general rule an exception has attached in situations where parents have entrusted *Page 301 
a dangerous instrumentality to their children or have failed to restrain their children who they know possess dangerous tendencies. See 39 Am. Jur. 690 et seq.; note, 155 A. L. R. 85 et seq.; Prosser, Torts, p. 200, and sources collected in footnote 74.
The clearest enunciation of the duty of parents to control the conduct of their children is to be found in the Restatement, 2 Torts, § 316, as follows: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control." Comment a. thereto states: "While the father as head of the family group is no longer responsible for the actions of all the members of his household or even for those of his minor child, he is responsible for their conduct in so far as he has the ability to control it. This duty is not peculiar to a father. It extends to the mother also in so far as her position as mother gives her an ability to control her child."
The conclusion of the court is that the allegations of fact directed against the demurrants as parents are sufficient in law to be litigated. Their argument regarding proximate cause is more a question of proof than of pleading and is only here touched upon to indicate that it has not been overlooked.
 Accordingly, the demurrer is overruled.