The plaintiff brings this action under authority of § 3231d of the 1955 Cumulative Supplement to the General Statutes.
The defendant is the father of a young boy of tender years, namely nine years old, and the action does not name the boy as a defendant. On January 28, 1956, the son of the defendant, one Glen McKnight, in the company of two other children of approximately the same age, entered upon the property of the plaintiff. The children entered into a garage or barnlike structure, as they had previously done on other occasions, for the purpose of play. Glen McKnight had a book of matches in his possession on the day in question, although there is evidence that he never carried them before. The structure contained old automobile tires, paper, cans and other material of accumulation, from which Glen McKnight picked an old rusty coffee can. Filling the can with paper found on the floor, he placed it *Page 373 
in the center of some old tires and ignited the paper. It is inferred from the facts that the burning of paper ignited the old tires and smoke enveloped the barn. The children became frightened and ran from the scene of their activities. As a result of the ignited fire, damage was done to the structure and personal property of the plaintiff.
It is the contention of the plaintiff that the igniting of the fire constitutes a wilful act to come within the purview of the statute. The plaintiff further contends that the court is precluded from considering all the circumstances of the case in order to determine whether or not the igniting was wilful or merely simple negligence.
If the plaintiff has a right to recover it must be because the legislature in the statute in question intended to change the common-law rule of the liability of parents for the torts of their minor children, and to make a very important and far-reaching extension of the obligation of a parent. Broadly stated, parents at common law are not liable for torts of their minor children. To this general rule an exception has attached in situations where parents have entrusted a dangerous instrumentality to their children or have failed to restrain their children who they know possess dangerous tendencies. The legislature in its desire to recognize the need for a deterrent to the rise of juvenile delinquency passed this statute for the purpose of placing upon the parent the obligation to control his minor child so as to prevent it from intentionally harming others. It is significant to note that the legislature wrote into the statute the words "wilfully or maliciously."
It is conceded by the plaintiff that the act of the child was not malicious, so therefore we are concerned with the act in so far as it applies to the word "wilful" as it appears in the statute. The use of the *Page 374 
word "wilful" connotes intention on the part of the doer. Sharkey v. Skilton, 83 Conn. 503, 506; Rogers
v. Doody, 119 Conn. 532, 534. An intentional injury results from an act done for the purpose of causing the injury or with knowledge that the injury is substantially certain to follow.
Negligence may take on a variety of forms, and partake of all manner of degrees. The shortcoming may be slight, or it may be a grievous one. It may result from omission or from commission; from pure inadvertence or from voluntary action. It may be characterized by heedlessness, or by a persistence in ill-chosen conduct. But whatever its form or degree, it is something quite apart from wilful or malicious injury, whose characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances.Sharkey v. Skilton, supra, 507. It necessarily follows that the court must base its findings as to what constitutes a wilful act from the facts established. Sedita v. Steinberg, 105 Conn. 1,10.
A child of nine years is a child of tender years, and is not required to conform to the standard of behavior which is reasonable to expect of an adult, but his conduct is to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience. A child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk and to realize its unreasonable character. On the other hand, it is obvious that a child who has not yet attained his majority may be as capable as an adult. The standard of conduct of such a child is that which is reasonable to expect of children of like age, intelligence and experience. *Page 375 
In so far as the child's capacity to realize the existence of a risk is concerned, the individual qualities of the child are taken into account. If the child is of sufficient age, intelligence and experience to realize the harmful potentialities of a given situation, he is required to exercise such prudence in caring for himself and such consideration for the safety of others as is common to children of like age, intelligence and experience. Restatement, 2 Torts § 283, comment e.
In determining the legislative intent, the court must look beyond the literal meaning of the words to the history of the law, its language considered in all its parts, the mischief it was designed to remedy and the policy underlying it. The court cannot attribute to the legislature an intent to make such a drastic change in the established relationship of parent and minor children unless the statute clearly evinced that intent. To give to the statute in question the construction which is claimed would be to force the law beyond the reasonable necessities of the policy underlying it. The language and history of the statute taken as a whole does not require that construction; indeed, it indicates a contrary legislative intent.Chambers v. Lowe, 117 Conn. 624, 628.
The statute as adopted by the legislature gives no refuge to those who by their conduct come within its purview. The hoodlums cannot find immunity or protection in the statute as the court interprets it. They know the difference between right and wrong and understand the meaning of their acts. They disregard property rights from mere love of mischief and take risks out of mere bravado, or in conscious defiance of moral and legal restraint.
The court finds from the evidence before it that the child could not be liable at common law for the act committed by him. *Page 376 
In construing § 3231d of the 1955 Cumulative Supplement to the General Statutes, a parent's liability is only rendered in those cases where the child himself might be required to respond in damage for his own tort.
Accordingly, the court finds the issues in favor of the defendant.
 Judgment may enter in favor of the defendant.