This is an action to recover damages for injuries to property alleged to have been caused by the negligence of John H. Gallant, minor son of Charles H. Gallant. Defendant Willie O. Gallant, although a named party defendant, was not proceeded against at the hearing.
By stipulation between the parties, the following facts are found: On December 30, 1961, the plaintiff was the owner of a 1962 Oldsmobile. On that *Page 358 
day, John H. Gallant, son of Charles H. Gallant, took the automobile of the plaintiff without the plaintiff's permission. On that date, while operating the plaintiff's vehicle at a high rate of speed, John H. Gallant caused the automobile to leave the highway and to strike a building at 219 Sedgwick Road, West Hartford, causing damage in the amount of $619.12 to the automobile. The negligence of the defendant John H. Gallant was the proximate cause of the injuries to the automobile of the plaintiff.
The issue in this case is whether the father of John H. Gallant is liable to the plaintiff for damages under the provisions of § 52-572 of the General Statutes. The pertinent parts of the statute state: "The parent or parents or guardian of any unemancipated minor or minors, which minor or minors . . . , having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle, shall be jointly and severally liable with such minor or minors for such damage or injury to an amount not exceeding seven hundred fifty dollars, if such minor or minors would have been liable for such damage or injury if they had been adults . . . ."
John H. Gallant was born on February 13, 1945, and, on some date prior to June 21, 1957, came under the jurisdiction of the Juvenile Court. The Juvenile Court is a court of record. General Statutes § 17-57. Its purpose, among other things, is to determine whether some child should be taken under the direct care of the state and its officials. It is true of the Juvenile Court, as of other courts of record, that in general its record is the only mouth through which it can speak. Atwood v. Lockwood,76 Conn. 555, 558. The docket entries of the Juvenile Court are entries of judicial proceedings, and a certified *Page 359 
transcript of them constitutes the proper proof that such proceedings have been had. Smith
v. Brockett, 69 Conn. 492, 502; Dart v. Mecum,19 Conn. Sup. 428, 431. These entries were not presented at the hearing. However, it would appear that the parties seem to agree that John had been committed to the care and custody of the commissioner of welfare by the Juvenile Court on June 21, 1957, which commitment was not formally revoked until 1962. John was sent to the school for boys at Meriden and remained there until February 10, 1961, when the school sent him home to his father, the defendant Charles, where he appears to have remained at least until January 2, 1962. While John was technically in the custody of the state, he was under the control of his father. This placing a parent in loco parentis by the state, which had been placed in loco parentis by the Juvenile Court, is a means by which the parent is unofficially given control over the minor while the commissioner of welfare retains technical custody. The duties of a parent belong to the parent while the child is in his control.
A parent is under a duty to exercise reasonable care so to control his minor child as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control.Toohey v. Colonis, 15 Conn. Sup. 299, 301. Broadly stated, parents at common law are not liable for the torts of their minor children. To this general rule an exception has attached in situations where parents have failed to restrain their children who they know possess dangerous tendencies. The legislature, in its desire to recognize the need for a *Page 360 
deterrent to the rise of juvenile delinquency, passed § 52-572 for the purpose of placing upon the parent the obligation to control his minor child so as to prevent him from intentionally harming others.Lutteman v. Martin, 20 Conn. Sup. 371, 373. The rights of the plaintiff to recover should not be subordinated to procedural technicalities. Kinderavich
v. Palmer, 7 Conn. Sup. 301, 305. Whatever liability may be at the door of the commissioner of welfare under § 52-572 is not before the court. The parent in this case is liable as well.
 For the reasons above stated, the issues are found for the plaintiff. Accordingly, judgment may enter for the plaintiff to recover from the defendants John H. Gallant and Charles H. Gallant the sum of $619.12 and his costs. Judgment may also enter for the defendant Willie O. Gallant, who may recover her costs.