MARY REPKO *v.* JULIAN SERIANI ET AL.

CIRCUIT COURT                    SECOND CIRCUIT
                                 FILE No. CV 2-6310-23647

Memorandum filed June 25, 1965

*Rubens, Saffo & Habansky,* of Bridgeport, for the plaintiff.

*Finkelstone, Finkelstone & Levy,* of Bridgeport, for the defendants.

WISE, J.  In this action, the plaintiff seeks to recover for damage to her automobile under authority of § 52-572 of the General Statutes.  At the trial, plaintiff proceeded against the defendant Julian Seriani only.

The facts are not in dispute.  The defendant Julian Seriani is the father of defendant Juliano Laurence Seriani, a minor son who on September 26, 1962, was fifteen years of age.  Some date prior to September 9, 1962, the defendant Juliano came under the jurisdiction of the Juvenile Court, which court at a date

prior to September 9, 1962, committed him to the care and custody of the school for boys at Meriden. On September 9, 1962, and for a time prior thereto, the defendant Juliano was committed to the care and custody of the school for boys. On September 9, 1962, on an experimental basis, the school sent him home to his father, the defendant Julian, where he remained for a week and then ran away from his father's home. His whereabouts were unknown to defendant Julian, who reported the running away to the school and to the Shelton police. Thereafter, on September 26, 1962, defendant Juliano took an automobile owned by the plaintiff without her permission and, while operating it, negligently struck a number of highway posts in the town of Monroe, causing considerable damage, in excess of $750, to plaintiff's automobile. His negligence was the proximate cause of the damage to plaintiff's automobile. He was arrested on that day by the Monroe police and subsequently thereto was returned to the Meriden school for boys. At no time was his commitment to the Meriden school for boys revoked.

The plaintiff seeks to hold the father, defendant Julian, liable for the damage to her automobile caused by his minor son, defendant Juliano, under § 52-572. The pertinent applicable portions thereof are as follows: "The parent or parents or guardian of any unemancipated minor or minors, which minor or minors . . . , having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle, shall be jointly and severally liable with such minor or minors for such damage or injury to an amount not exceeding seven hundred fifty dollars, if such minor or minors would have been liable for such damage or injury if they had been adults; . . . ." The sole issue is whether, under the particular facts in the instant case, the father, defendant Julian, is liable to the plaintiff for

the damages to her automobile to the maximum amount of $750 under the provisions of § 52-572.

Broadly stated, parents at common law are not liable for the torts of their minor children. To this general rule an exception has attached in situations where parents have entrusted a dangerous instrumentality to their children or have failed to restrain their children, who they know possess dangerous tendencies. *Lutteman* v. *Martin,* 20 Conn. Sup. 371, 373; *Toohey* v. *Colonis,* 15 Conn. Sup. 299, 300. A very clear enunciation of the duty of parents to control the conduct of their children is to be found in the Restatement, 2 Torts § 316, as follows: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

A brief review of the historical aspects of the statute is important largely for purposes of perspective and is helpful in achieving a point from which to evaluate the situation now presented for solution. Primarily, they reveal a trend and a design in legislative thinking. The statute was first enacted in 1955; Cum. Sup. 1955, § 3231d; and provided: "The parent or parents or guardian of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person, shall be jointly and severally liable with such minor or minors for such damage or injury to an amount not exceeding two hundred fifty dollars, if such minor or minors would have been liable for such damage or injury if they had been adults; . . . ." In 1959, Public Act No. 244 increased the amount of liability from $250 to $750, and in

1959, Public Act No. 549 added the words "or, having taken a motor vehicle without the permission of the owner thereof, causing damage to such motor vehicle," preceding "shall be jointly and severally liable."

In its desire to recognize the need for a deterrent to the rise of juvenile delinquency, the legislature passed this statute and its amendments for the purpose of placing upon the parent the obligation to control his minor child so as to prevent him from intentionally harming others. While the statute prior to the amendment in 1959 by Public Act No. 549 made some change in the common-law rule of the liability of parents for the torts of their minor children, it did not impose absolute liability but placed liability on parents for damage "wilfully or maliciously" caused by their minor children. *Lutteman* v. *Martin,* supra. We are not, however, concerned with this portion of the statute in the instant case. The amendment by Public Acts 1959, No. 549, adding the words "or, having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle," does not require wilful or malicious conduct by the minor child to impose liability on the parent. If the child is an unemancipated minor and takes a motor vehicle without permission of the owner thereof, causing damage to it, the parent is jointly and severally liable with the minor child for such damage, if the minor would have been liable for the damage if he had been an adult.

Under the factual situation in the instant case, the son was under the control of his father, defendant Julian, although he was technically in the custody of the state. *Gillespie* v. *Gallant,* 24 Conn. Sup. 357, 359. The fact that the son ran away from his father's home a week after he was sent there by the Meriden school for boys did not terminate the father's control.

The defendant admits that his son was technically in the custody of the state but contends that his son's stay with him was conditional, and the control, therefore, was likewise conditioned upon the son's remaining in his home, and that therefore when the son ran away from his father's home the control of the parent terminated and reverted to the state. In this contention, the court cannot agree. Restatement, 2 Torts § 316. Nor does *Gillespie* v. *Gallant,* supra, support such a contention. The court concludes that while the son was technically in the custody of the state, he was under the control of his father. This placing of a parent in loco parentis by the state, which had been placed in loco parentis by the Juvenile Court, is a means by which the parent is unofficially given control over the minor while the commissioner of welfare retains technical custody. The duties of a parent belong to the parent while the child is in his control. *Gillespie* v. *Gallant,* supra.

By special defense, the defendant Julian pleads the Statute of Limitations in that this action was not commenced within one year. The writ, summons and complaint are dated September 26, 1963, and allege that on September 26, 1962, the defendant Juliano stole the motor vehicle of the plaintiff. By the officer's return endorsed thereon, service was made on the defendants on September 26, 1963. The statute relied upon by the defendant Julian is § 52-584, the applicable portion of which states: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, . . . shall be brought but within one year from the date when the injury is first sustained . . . ." The plaintiff contends that § 52-577 is the applicable and controlling Statute of Limitations. That section states: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

An action for injury to the person, as well as one for injury to real or personal property, falls within the one-year limitation imposed by § 52-584 only if the injury is caused by negligence or by reckless or wanton misconduct or by malpractice. The gravamen of the plaintiff's cause of action is not negligence or wanton misconduct but rather a violation of § 52-572 ("Parental liability for torts of minors"). This statute creates a tort liability (taking a motor vehicle without the owner's permission) which is subject to the three-year limitation fixed by § 52-577 for tort actions not caused by negligence. *Staples* v. *Lucas,* 142 Conn. 452, 456. In considering the two Statutes of Limitation, the court stated in *Antinozzi* v. *D. V. Frione & Co.,* 137 Conn. 577, 579: "It remains true that . . . [what is now § 52-577] is the Statute of Limitations as to torts in general and that . . . [what is now § 52-584] carves out particular classes of torts where the time for bringing the action is reduced from three years to one year."

Parents sued under § 52-572 providing for parental liability for torts of minor children, stand in the same position as their minor children in respect to the controlling Statute of Limitations. Their liability under the statute relating to parental liability for the torts of minor children is dependent upon the liability of their minors. *Lutteman* v. *Martin,* supra. It is the opinion of the court that the cause of action as alleged in the plaintiff's complaint is controlled by the three-year statutory limitation (§ 52-577) and not by the one-year statutory limitation (§ 52-584). *Milford* v. *Swarbrick,* 24 Conn. Sup. 320.

For the reasons herein stated, the issues are found in favor of the plaintiff. Judgment may enter for the plaintiff to recover from defendant Julian Seriani the sum of $750 and costs.