*Southern District*

## KENNETH SMITH, PPA

*v.*

## FRANK F. MENDONCA, JR.

Argued: Dec. 21, 1971 - Decided July 12, 1972

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried to *Horrocks, J.,* in the Third Circuit Court of Bristol, on June 3, 1971. No. 8907/71.

**By the Court.** This is an action of tort with an ad damnum of $600.00 brought under G.L. c. 231, § 85G.

*The facts are that* the plaintiff was assaulted by the defendant's child who was eight years old. He was hit in the face by a rock. It required three stitches to close a wound on the plaintiff's head. The hospital bill amounted to $25.00 and the doctor's bill was $5.00. The plaintiff was disabled for one week.

At the trial, the plaintiff argued that under this statute he was entitled to recover for pain and suffering in addition to his hospital and doctor's bill up to $300.00. The defendant argued that the plaintiff was only liable for medical bills under the statute.

The trial judge agreed with the defendant's contention and found for the plaintiff for $30.00.

The trial judge submitted a voluntary report to the Appellate Division to decide whether this statute is to be interpreted in the same manner as G.L. c. 258A entitled, "Compensation of Victims of Violent Crimes".

G.L. c. 231, § 85G provides that, "parents of an unemancipated child under the age of seventeen and over the age of seven years shall be liable in a civil action for any wilful act committed by said child which results in injury or death to another person or damage to the property of another. This section shall not apply to a parent who, as a result of a decree of any court of competent jurisdiction, does not have custody of such child at the time of the commission of the tort. Recovery under this section shall not exceed three hundred dollars for any such cause of action."

"The canon of interpretation (of a statute) is that its words are to be construed according to the common and approved usage of language considered in connection with the cause of its enactment, the pre-existing state of law, the mischief to be remedied and the main object to

be accomplished." *Brown* v. *Robinson*, 275 Mass. 55, 57.

In *Lutteman* v. *Martin*, 20 Conn. Sup. 371, the court in construing a similar parental liability statute in that state said, "In determining the legislative intent, the court must look beyond the literal meaning of the words to the history of the law, its language considered in all its parts, the mischief it was designed to remedy and the policy underlying it."

A brief summary of the available legislative history of this statute reveals that it was added by St. 1969, c. 453 which was the end product of two petitions submitted separately to the House of Representatives and one petition to the Senate, and from reading these petitions it is apparent that if the Legislature intended to limit the damages to actual out-of-pocket loss excluding pain and suffering, it would have expressed such intent. See G.L. c. 158A, §§5, and 6.

The statute states that parents, "... shall be liable in a civil action...". "The term .... 'civil action' means a suit brought by him and includes a liability for injuries. *Lucas* v. *Lucas*, 3 Gray 136." See 7 Words and Phrases 336.

In this action of tort for assault and battery, the plaintiff is entitled to recover for his physical injury and suffering as well as for his expenses. *Smith* v. *Holcomb*, 99 Mass. 552. *Morgan* v. *Curley*, 142 Mass. 107. *Ross* v. *Michael*, 246 Mass. 126.

While there is division on the question as to

whether the primary purpose of similar statutes is to punish parents for failing to adequately supervise their children or to supply an action at law in which victims of the wilful torts of minors can reasonably hope to recover, (Compare 8 ALR 3d 615 n.7 and 16 Annual Survey of Mass. Law (1969) 26 with 3 Villanova Law Review 518 and 55 Michigan Law Review 1205), there seems to be common agreement that: "similar parental responsibility statutes in many other states were enacted as a consequence of dissatisfaction with the common-law rules of parental liability and in an effort to curb juvenile delinquency." See 8 ALR 3d 615.

Although the statute limits recovery to the rather nominal sum of $300.00 and strengthens the argument that the statute is punitive rather than compensatory, (16 Annual Survey of Mass. Law (1969) 26), this should not preclude a plaintiff who can realize adequate recovery within the statutory limits from recovering all the elements of his damages.

G.L. c. 258A provides that victims of violent crimes committed within the Commonwealth may receive financial compensation from the state. Its purpose, according to the then Attorney General, is to "ease the burden of crime on the individual." See 15 Annual Survey of Mass. Law (1968) 117. The bill was recommended by a special legislative commission which found that the state owes compensation to the people it fails to protect from crimes. See 48 Boston

U.L. Rev. 360, 362. The statute excludes from "crimes", for which compensation may be paid, acts committed by minors. G.L. c. 258A, section 1. The statute limits recovery to out-of-pocket losses and expressly excludes compensation for pain and suffering. G.L. c. 258A, sections 5 and 6.

No similar limitation appears in G.L. c. 231, § 85G and therefore, we are of the opinion that there should be a new trial on the question of damages alone, and if necessary the plaintiff be allowed to amend his writ and declaration to accomplish this purpose. **Case remanded to trial for that purpose.**

BARNET SMOLA
   of New Bedford for the plaintiff.
R. L. SOUSA
   for the defendant.

*Northern District*