JEAN GEARITY *v.* KATHLEEN A. SALVO ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 213418
FAIRFIELD AT BRIDGEPORT

Memorandum filed November 1, 1984

*Mihaly & Mihaly,* for the plaintiff.

*Ralph L. Palmesi,* for the named defendant.

*Myron R. Ballen,* for the defendant Richard Plofkin.

*Myrna Gans,* for the defendants Linda Ann Plofkin and Barbara Poppa.

ZOARSKI, J. In this action, the plaintiff seeks to recover against the defendants Kathleen A. Salvo and Linda Ann Plofkin for wilful and malicious damage to her property. The second count of the complaint alleges that the defendant Plofkin is an unemancipated minor living with her mother and that, pursuant to General Statutes § 52-572, the parents, Richard Plofkin and Barbara Poppa, are responsible for their daughter's actions. In his answer, the defendant Richard Plofkin denies responsibility for his daughter's conduct. In addition, he asserts in a special defense that the defendant Barbara Poppa had exclusive care, custody and control of their minor child at the time of the acts complained of and for some time prior thereto. The plaintiff moves to strike the special defense as legally insufficient in that "exclusive care, custody and control" are not prerequisite to the imposition of statutory liability upon a parent under General Statutes § 52-572.

A motion to strike challenges the legal sufficiency of a cause of action or defense; Practice Book § 152; and admits all facts well pleaded. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 446 A.2d 3 (1982).

General Statutes § 52-572 states: "The parent or parents or guardian of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person . . . shall be jointly and severally liable with the minor or minors for the damage or injury to an amount not exceeding three thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults." This language is clear and unambiguous. While the plain meaning of § 52-572 dictates, however, that the mere relation of parent and child is enough to impose statutory liability upon a parent, the courts have not construed the statute so strictly. Rather, some courts have drawn a distinction between technical custody and actual control of the

minor in order to impose liability upon the parent. See *Repko* v. *Seriani,* 3 Conn. Cir. Ct. 374, 376–77, 214 A.2d 843 (1965); *Gillespie* v. *Gallant,* 24 Conn. Sup. 357, 190 A.2d 607 (1963). The courts have noted that General Statutes § 52-572 was intended to combat the rise of juvenile delinquency by obligating parents to control their minor children so as to prevent them from intentionally harming others. *Repko* v. *Seriani,* supra, 377; *Lutteman* v. *Martin,* 20 Conn. Sup. 371, 375, 135 A.2d 600 (1957). In addition, courts have recognized that a parent is under a duty to exercise reasonable care to control his minor child if the parent knows that he has the ability to do so and the opportunity. *Repko* v. *Seriani,* supra, 376; *Gillespie* v. *Gallant,* supra, 359; see 2 Restatement (Second), Torts § 316. On this basis, courts have viewed control as a determining factor in imposing parental liability under § 52-572. Thus, a father was held liable for the intentional harm caused by his son even though the child was technically in the custody of the state. *Repko* v. *Seriani,* supra, 378. The court stated that at the time of the child's actions he was under the father's control and the duties of a parent, therefore, belonged to the father. *Repko* v. *Seriani,* supra.

This case differs from *Repko* v. *Seriani* in that the defendant alleges that the minor child resided with her mother prior to and at the time of the acts allegedly committed by the child.

This court concludes that "control of the minor" is a determining factor in the imposition of liability under § 52-572, and therefore finds that the special defense is legally sufficient.

For that reason the motion to strike is denied.