746 P.2d 1303

**Lisa PFAFF, a minor, By and Through Janet V. STALCUP, her natural mother and next friend and guardian; and Janet V. Stalcup, individually, Plaintiffs/Appellants,**

v.

**Dr. Hugh ILSTRUP and Linda Ilstrup, husband and wife, Defendants/Appellees.**

No. 2 CA–CV 87–0029.

Court of Appeals of Arizona, Division 2, Department B.

April 23, 1987.

Reconsiderations Denied June 1, 1987.

Review Denied Nov. 24, 1987.

Harris & Palumbo by Kevin W. Keenan, Anthony J. Palumbo and Janis Posner–Raynak, Phoenix, for plaintiffs/appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott E. Boehm and Scott A. Salmon, Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

In this appeal from a summary judgment, the issue is whether a non-custodial father residing 120 miles from his 17–year-old son can be held liable for negligent supervision or under A.R.S. § 12–661 for the damage caused by that son's sexual assault. We agree with the trial court that he cannot and affirm.

A.R.S. § 12–661 provides:

A. Any act of malicious or wilful misconduct of a minor which results in any injury to the person or property of another, to include theft or shoplifting, shall be imputed to the parents or legal guardian having custody or control of the minor whether or not such parents or guardian could have anticipated the misconduct for all purposes of civil damages, and such parents or guardian having custody or control shall be jointly and severally liable with such minor for any actual damages resulting from such malicious or wilful misconduct.

B. The joint and several liability of one or both parents or legal guardian having custody or control of a minor under this section shall not exceed two thousand five hundred dollars for each tort of the minor. The liability imposed by this section is in addition to any liability otherwise imposed by law.

A parent who has neither custody nor control of his child is not liable under this statute. It is, of course, clear that a non-custodial parent does not have custody. Nor did this father, residing in Sedona while his son lived in Tempe with his custodial mother, have control. Control requires present ability to affect the conduct of another. Potential ability is insufficient. Thus, the evidence that two years before the assault in this case the son had lived in Sedona with the father and had been controlled by him raises no factual issue. Given the often tendentious relationships between divorced parents, we believe that the imposition of a duty to exert control over a child the legal control of whom has been given to another would invite disastrous consequences. One cannot be held to a

duty that he is legally disempowered to discharge. See *Gearity v. Salvo,* 40 Conn. Sup. 185, 485 A.2d 940 (1984); *Frazer v. Day,* 307 So.2d 733 (La.1975); *In re James D.,* 295 Md. 314, 455 A.2d 966 (1983).

For the same reasons, we do not believe these facts can be found to state a claim under Restatement (Second) of Torts § 316 (1965). That section reads:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> a. knows or has reason to know that he has the ability to control his child, and
>
> b. knows or should know of the necessity and opportunity for exercising such control.

We do not believe that one who does not have the legal right to control can be said to have the opportunity to control. As put in Comment b. to the Restatement, "the duty of a parent is only to exercise such ability to control his child as he in fact has...." Beyond this, on the facts of this case, where no prior conduct of the child involved violent or assaultive conduct, it cannot be said that there was a necessity to control the child or a foreseeable risk of injury of the type here involved. See *Parsons v. Smithey,* 109 Ariz. 49, 504 P.2d 1272 (1973); *Pesek v. Discepolo,* 130 Ill. App.3d 785, 86 Ill.Dec. 197, 475 N.E.2d 3 (1985).

Affirmed.

HOWARD and LACAGNINA, JJ., concur.