## Gerald B. BRITTON

v.

## Elsie CANN.

### Civ. No. 87–291–D.

United States District Court, D. New Hampshire.

March 10, 1988.

---

Edward L. Minnich, Jr., Plaistow, N.H., for plaintiff.

Mark S. Gearreald, Exeter, N.H., and Paul B. Kleinman, Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this diversity case, 28 U.S.C. § 1332, plaintiff Gerald B. Britton, a New Hampshire resident, seeks damages for personal injuries he suffered when allegedly attacked by defendant's son, Allen W. Cann. Allen Cann is not herein named as a defendant. In a motion to dismiss and subsequent amendatory motion, defendant Elsie Cann contends that the Court may not assert personal jurisdiction over her and that the complaint fails to state a claim upon which relief may be granted. Rules 12(b)(2) and 12(b)(6), Fed.R.Civ.P. Alleging that the suit is frivolous, defendant also seeks sanctions pursuant to Rule 11, Fed. R.Civ.P. The Court resolves said motions on the documents as filed. *See* Rule 11(g), Rules of the United States District Court for the District of New Hampshire.

Defendant filed her first motion on January 22, 1988, pursuant to Rule 12(b)(6), Fed.R.Civ.P., contending that the complaint fails to state a claim upon which relief may be granted. Attached to the motion is an affidavit, executed by defendant, in which she attests: (1) that she is currently a Massachusetts resident, (2) that her son Allen Cann was thirty-eight years old at the time the incident underlying this litigation occurred, and (3) that her son did not reside with her at the time of the incident, but resided in New Hampshire. Seven days later, on January 29, before plaintiff filed a response or objection, defendant moved to amend her motion to add jurisdictional grounds as a basis on which to dismiss the complaint. Rule 12(b)(2), Fed.R. Civ.P.

On February 1, 1988, plaintiff filed an objection to defendant's first motion, in which plaintiff argues not only that the complaint states a viable claim for relief, but that the Court should disallow defendant's motion because submission of an affidavit with a Rule 12 motion is improper. On February 8, plaintiff objected to defendant's motion to amend, asserting that defendant's submission of the original motion

disputing the merits of the complaint constitutes a waiver of subsequent jurisdictional objections.

 It is axiomatic that affidavits may accompany a Rule 12 motion, either in support thereof or objection thereto. If matters outside the pleadings are presented to the Court on a motion made pursuant to Rule 12(b)(6) and there has been ample opportunity for the disputants to respond, the Court may accept the materials and proceed under Rule 56. *Moody v. Town of Weymouth*, 805 F.2d 30, 31 (1st Cir.1986); Rule 12(b), Fed.R.Civ.P.; 5 C. Wright & A. Miller, 5 Federal Practice and Procedure [hereinafter 5 *Wright & Miller*] § 1366 (1969 & Supp.1987). And if, as here, the Court is resolving whether dismissal on jurisdictional grounds is warranted, it may consider affidavits even without treating the motion as a matter for summary judgment. *See, e.g., Papafagos v. Fiat Auto, S.p.A.*, 568 F.Supp. 692, 693 n. 1 (D.N.H. 1983) (citing *Amoco Oil Co. v. Local 99, International Brotherhood of Electrical Workers*, 536 F.Supp. 1203, 1210 n. 9 (D.R. I.1982) (and citations therein)); 5 *Wright & Miller* § 1364. The Court accordingly considers defendant's affidavit.

 Plaintiff's contention that defendant waived subsequent jurisdictional objections by first submitting a motion disputing the merits of the complaint is not groundless. In seeking to eliminate unnecessary delay at the pleading stage, Rules 12(g) and 12(h), which address consolidation and waiver of motions, provide that a party which makes a motion under Rule 12 may not thereafter make a motion based on any defense or objection which was available at the time the first motion was made. *See* Rules 12(g), 12(h), Fed.R.Civ.P.; 5 *Wright & Miller* § 1384. However, consistent with the liberalness embodied in the Federal Rules, *see, e.g.*, Rules 1, 8(f), 15, Fed.R. Civ.P., courts have held that a preliminary motion may be amended to include a defense or objection which was inadvertently omitted. Amendment is allowed if sought in good faith, promptly, and before the opposing party has relied on the original grounds, with consideration given by the district court to whether the opposing party will be unduly prejudiced or the case unduly delayed. *See* 5 *Wright & Miller*, §§ 1194, 1389.

Here, the motion to amend was filed before plaintiff objected to the first motion which had been filed, and there is no evidence before the Court to suggest that plaintiff suffered a loss or endangerment of his rights due to the one-week delay between submission of the two motions. The delay is not significant given the prefatory stage of this litigation. Also, defendant attests that amendment is sought in good faith and that the omission was inadvertent—attestations which are uncontradicted by other facts before the Court. Accordingly, the Court grants defendant's motion to amend her motion to dismiss (document no. 8).

Defendant's motion to amend having been granted, the issue of personal jurisdiction is before the Court. Consonant with general jurisprudential practice, the Court turns to that issue before considering whether the complaint states a claim upon which relief may be granted. *See* 5 *Wright & Miller* § 1351 n. 21 and accompanying text.

 Defendant contests personal jurisdiction; therefore, plaintiff has the burden to show that jurisdiction exists. *Ealing Corp. v. Harrods, Ltd.*, 790 F.2d 978, 979 (1st Cir.1986) (citing *McNutt v. GMAC*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936)). To meet this burden, plaintiff must make "a *prima facie* showing of jurisdiction," supported by specific facts alleged in the pleadings and affidavit. *Id.* (and citations therein). Plaintiff's written allegations of jurisdictional facts are construed in his favor. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 9 (1st Cir.1986).

 Defendant asserts that her contacts with New Hampshire at times pertinent to this litigation are insufficient to subject her to the Court's jurisdiction under New Hampshire Revised Statutes Annotated ("RSA") 510:4 I (1983), the New Hampshire long-arm statute applicable to service of

process on nonresident individuals. That statute provides:

> I. JURISDICTION. Any person who is not an inhabitant of this state and who, in person or through an agent, *transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state* submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

(Emphasis added.) In considering whether it may assert jurisdiction over a nonresident defendant under RSA 510:4, the Court considers two factors: whether the statutory requirements of the state long-arm statute have been met, and whether defendant's contacts with New Hampshire are sufficient to meet federal constitutional due process concerns. *Kowalski, supra,* 787 F.2d at 9–10; *Phelps v. Kingston,* 536 A.2d 740, 741–42 (N.H.1987) (citing, *e.g., Weld Power Indus. v. C.S.I. Technologies,* 124 N.H. 121, 125, 467 A.2d 568, 570 (1983)).

The New Hampshire Supreme Court has held that the requirements of RSA 510:4 I are satisfied if any of the three acts enumerated in the statute are present, *see, e.g., Kinchla v. Baumer,* 114 N.H. 818, 330 A.2d 112 (1974), and that the statute is "to be construed in the broadest legal sense to encompass personal, private and commercial transactions," *Hall, Morse, Gallagher & Anderson v. Koch & Koch,* 119 N.H. 639, 644, 406 A.2d 962, 965 (1979) (quoting *Leeper v. Leeper,* 114 N.H. 294, 297, 319 A.2d 626, 628 (1974)). Federal due process concerns are met if the defendant "has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Estabrook v. Wetmore,* 129 N.H. 520, 523, 529 A.2d 956, 958 (1987) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). The New Hampshire Supreme Court has consistently interpreted RSA 510:4 I "to grant jurisdiction whenever the due process clause of the United States Constitution permits it." *Id.*

The complaint alleges that defendant's husband, a machinist, gave plaintiff a subcontract to manufacture some special fittings worth approximately $150. Upon completion of the job, defendant took the finished product to her then-hospitalized husband for inspection. Defendant's husband told defendant that the work was unsatisfactory. When defendant communicated this message to plaintiff, a dispute developed, during the course of which defendant became upset and began to cry. Complaint ¶¶ 1–2.

Upon hearing from a third party that plaintiff's actions had caused his mother to cry, Allen Cann contacted his mother and told her that he would speak with plaintiff. Mr. Cann telephoned plaintiff, allegedly after an afternoon of heavy drinking, and subsequently became abusive. *Id.* ¶¶ 3–4. Plaintiff hung up, after which Allen Cann became extremely angry and went to plaintiff's house with three friends, where he "launched a murderous attack upon [plaintiff]." *Id.* ¶ 4. Plaintiff alleges that this attack caused him to have a myocardial infarction approximately two years later. *Id.* Plaintiff further alleges that defendant knew her son was a violent and dangerous person, with "substance abuse problems as well as an extensive history of emotional illness and violent behavior of an abnormal and aberrant nature." *Id.* ¶ 5.

■ In the instant case, in order to be subject to RSA 510:4 I, defendant's actions must constitute either the transacting of business or a tortious act.[1] Although defendant does not refute that she transacted business in New Hampshire, the RSA 510:4 I business transaction provision is inapplicable. As the plain language of the statute provides, to come within that provision, the cause of action must arise from the business transaction. *See* RSA 510:4 I (lan-

---

1. Ownership, use, or possession of any real or personal property situated in this state is neither alleged nor implied.

guage as set forth above); *see also* Annotation, *Construction and Application, as to Isolated Acts or Transactions, of State Statutes or Rules of Court Predicating In Personam Jurisdiction Over Nonresidents or Foreign Corporations Upon the Doing of an Act, or Upon Doing or Transacting Business or "Any" Business Within the State*, 27 A.L.R.3d 397 § 5, at 430–31 (1969 & Supp.1987). Herein, the cause of action is a *failure* to act—defendant's failure to warn plaintiff that Allen Cann was dangerous and that provoking him might result in attack. Defendant's failure to act cannot logically be viewed as an act undertaken in furtherance of defendant's business enterprises. Similarly, Allen Cann's attack upon plaintiff—the damage resulting from defendant's alleged breach of duty—cannot be logically ascribed to defendant's business enterprises. If the assault had any purpose, it was related to Allen Cann's misplaced sense of filial duty and anger at hearing that plaintiff had caused his mother to cry. In sum, defendant's liability under RSA 510:4 I, if any, must stem from the statute's tortious activity provision.

A nonresident defendant is subject to this Court's jurisdiction for tortious acts only if the impact in New Hampshire was "more than fortuitous, so that the defendant knew or should have known that [the misconduct] could injure a person here." *Estabrook v. Wetmore, supra*, 129 N.H. at 523, 529 A.2d at 958. Plaintiff argues that because defendant knew her son was a dangerous person, she should have known that he would attack plaintiff.

A failure to act in some circumstances can give rise to tort liability. W. Prosser, *Law of Torts* [hereinafter *Prosser*] § 56, at 348 (4th ed. 1971) (5th ed. 1984, at 383). However, a defendant is not expected to foresee "the more unpredictable behavior of irresponsible persons or children who get themselves into trouble or injure others," and liability will not inure from "those intentional or criminal acts against which no reasonable standard of care would require the defendant to be on his guard [such as] unforeseeable personal attacks upon the plaintiff." *Id.* § 44, at 281–82 (5th ed. at 312–13). In the instant case, there is no indication defendant was aware an attack was imminent; the complaint alleges only that defendant knew her son had a dangerous temper and that he would call plaintiff. Accordingly, that Allen Cann chose a New Hampshire resident as his target can only be considered fortuitous insofar as the Court's jurisdictional analysis is concerned. *Cf. Chlebda v. H.E. Fortna & Brother, Inc.*, 609 F.2d 1022, 1023–24 (1st Cir.1979) (failure to warn buyer of known defective product too tenuous a connection to constitute minimum contacts with state).

Taking the facts pled as true, and construing all reasonable inferences in plaintiff's favor, *Phelps, supra*, at 742, plaintiff has failed to establish that defendant is subject to the New Hampshire long-arm statute. Therefore, the Court may not assert personal jurisdiction over defendant. Defendant's amended motion to dismiss (document no. 7, as amended by document no. 8) is herewith granted, and the action is dismissed.

Having dismissed plaintiff's action, the Court next considers defendant's request for sanctions under Rule 11, Fed.R. Civ.P., which provides in pertinent part that if an attorney files a "pleading, motion, or other paper" without a belief

> formed after reasonable inquiry [that] it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose ... the court ... shall impose [upon the attorney, the client, or both] ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Court may consider Rule 11 sanctions and enter a judgment for the purpose of assessing counsel fees, even after dismissal of a lawsuit, provided the Rule 11 motion is made within a reasonable time. *Muthig v.*

*Brant Point Nantucket, Inc.*, 838 F.2d 600, 603–04 (1st Cir.1988) (and citations therein). Herein, defendant sought sanctions in her motion to dismiss, and plaintiff filed two objections subsequent to receiving that motion. Accordingly, the Court finds that plaintiff has been given adequate notice and an opportunity to respond. *See id.* at 607.

To determine if counsel has reasonably inquired as to whether a pleading, motion, or other paper is "well grounded in fact and is warranted by existing law," the Court applies an objective test; the Court does not look to counsel's *actual* belief. *Id.* at 604. Viewing counsel's performance in the instant matter objectively, not only are the underlying claims unwarranted under existing law, but plaintiff's counsel has made no reasonable effort to present a good-faith argument for the extension, modification, or reversal of existing law. Therefore, a Rule 11 sanction redressing the harm plaintiff's suit has caused is appropriate.

Plaintiff has failed to cite either statutory authority or case law in his objections to defendant's motions and in his legal memoranda. This contravenes not only Rule 11, Fed.R.Civ.P., but also Local Rule 11(c), which states in relevant part: "Each objecting party shall file and serve, within ten (10) days from date of filing of motion, a memorandum with citations of authorities in opposition to the relief requested or a statement that no brief is necessary and the reasons therefor." Rule 11(c), Rules of the United States District Court for the District of New Hampshire.

Plaintiff's opposition to defendant's motion to dismiss on jurisdictional grounds exemplifies his failure to legally justify his positions. Plaintiff's counsel did not refer to the relevant state long-arm statute, but instead asserted in a memorandum of law, reproduced below *in its entirety*, a patently meritless defense. Counsel's memorandum states:

> Defendant cites a number of old cases in an area of law that is rapidly expanding with new concetps [sic] and perceptions. These old cases are irrelevant.

> Recently, a Federal Grand Jury has indicted Antonio Noriega, Ruler of Panama, for dealing in illegal drugs. Doubtless the indictment has merit insofar as the fact that Noriega caused crimes to be committed in the United States. No one can complain of a denial of due process. Where a law is broken, the enforcer of that law has jurisdiction.

> The very fact that Plaintiff has a right under New Hampshire law to recover from Defendant, gives jurisdiction to a New Hampshire Court for relief.

Plaintiff's Memorandum in Objection to Defendant's Motion to Amend Defendant's Motion to Dismiss, at 1.

As to the underlying merits of plaintiff's claim, plaintiff specifically admits that defendant's familial relationship with Allen Cann provides no legal support for plaintiff's claim against her. Plaintiff's Memorandum in Objection to Motion to Dismiss for Failure to State a Cause of Action under Fed.R.Civ.P. 12, at 1. Instead, plaintiff argues that defendant is liable for her son's intentional acts due to her business relationship with plaintiff; i.e., that because she knew her son was a violent person and "an attack was possible," Mrs. Cann had a duty to inform plaintiff of the risk of attack. *Id.*

A person is not obligated to act for the protection of another unless "a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct." Restatement of Torts (Second) §§ 314, 315 (1965); *see also, e.g., Currie v. United States*, 836 F.2d 209, 212 (4th Cir. 1987); *Skeen v. Federative Repub. of Brazil*, 566 F.Supp. 1414, 1419 (D.D.C.1983); *Hasenei v. United States*, 541 F.Supp. 999, 1009 (D.Md.1982); *see generally Prosser* § 56. And, even considering familial relationship, the mere fact of paternity triggers neither a parental duty to control a child nor parental liability for the child's intentional acts. *See, e.g., Skeen, supra,* 566 F.Supp. at 1419; *Prosser,* § 123, at 871 (5th ed. at 913–14); 59 Am.Jur.2d *Parent and Child* § 116, at 253–54 (1987); Annotation, *Parents' Liability for Injury or*

*Damage Intentionally Inflicted by Minor Child,* 54 A.L.R.3d 974 § 3 (1973 & Supp. 1987). A plethora of cases, treatises, and legal commentators make clear that a parent has no legal duty to control his or her child, and no liability arises from a failure to do so unless the parent has both the opportunity *and* the ability to control the child's behavior at the time of the tort. *See, e.g., Abernathy v. United States,* 773 F.2d 184, 189 (8th Cir.1985); *Skeen, supra,* 566 F.Supp. at 1419; *Clark v. McKerley,* 126 N.H. 778, 780, 497 A.2d 846, 847 (1985) (citing *Prosser* § 123, at 871–73); *Gearity v. Salvo,* 40 Conn.Supp. 185, 485 A.2d 940, 942 (1984) (same rule applied to state parental liability statute); Restatement of Torts (Second) § 316 & comments a & b (1965); 59 Am.Jur.2d *Parent and Child* § 119, at 256–57 (and cases cited therein).

Allen Cann was thirty-eight years of age when the tortious act at issue in this litigation took place. He did not live at home; in fact, he lived in a different state from defendant. The complaint, affidavit, motions, objections, and memoranda before the Court are devoid of facts which suggest or even infer that Allen Cann was in any way subject to his mother's control or that defendant knew her son was planning to assault plaintiff. Absent such control and knowledge, defendant was without opportunity and ability to warn plaintiff or to prevent her son's attack. Consequently, defendant may not be held liable for plaintiff's injuries.

Even a modicum of investigation into the facts underlying this litigation and pertinent legal authority would have revealed to plaintiff's counsel that his client's claim against defendant was, and is, without merit. Rather than being "an ordinary case of vigorous representation," this is a case in which an attorney's failure to mount a reasonable inquiry resulted in the assertion of legally invalid claims against a defendant who resultingly incurred needless expense and aggravation. *See Muthig, supra,* at 608. Accordingly, plaintiff's counsel's signature on the complaint and on his objections to defendant's motions violates Rule 11. The Court finds and rules that sanctions pursuant to Rule 11 are appropriate.

Defendant is hereby awarded the full amount of all reasonable costs she has incurred in connection with defending this lawsuit, said amount to include reasonable attorney's fees. Because plaintiff's counsel has ignored his obligation "to prevent the litigation itself from inflicting needless injury through the assertion of a groundless claim or defense ... by making 'reasonable inquiry' before the assertion," said sanction is imposed upon and is to be borne by plaintiff's counsel, not plaintiff. *See id.* at 607–08.

Defendant's motion to amend her motion to dismiss (document no. 8) is granted; defendant's motion to dismiss (document no. 7, as amended by document no. 8) is granted as to dismissal for lack of jurisdiction, as hereinabove detailed. Costs and reasonable attorney's fees are awarded to defendant, and are to be borne by plaintiff's counsel.

SO ORDERED.