[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiff, William Robyn, through his parent, Peter Robyn, against the defendant, Mern Palmer-Smith (the defendant), and her minor son, Nolan Palmer-Smith (Nolan), for injuries the plaintiff allegedly sustained as a result of Nolan's conduct. The plaintiff alleges that on September 26, 1997, the plaintiff and Nolan, who lived in his mother's home where the incident took place, ingested hallucinogenic substances. While under the influence of the substance, the plaintiff claims Nolan perceived him as being out of control and attempted to subdue him by kicking and punching the plaintiff repeatedly. Nolan also, allegedly, struck the plaintiff in the head with a shovel and rammed his head into a tree. As a result, the plaintiff sustained serious injuries.
On October 9, 2001, the defendant, Mern Palmer-Smith, moved (155) for summary judgment. The defendant argues that she is entitled to judgment as a matter of law because the "doctrine of parental immunity" applies and the plaintiff cannot satisfy the requirements of either exception to the doctrine. The defendant further argues that there are no questions of material fact regarding whether Nolan had dangerous tendencies of which the defendant either was or should have been aware, and that the plaintiff cannot produce any evidence to raise any issues of material fact. The plaintiff responds that because Nolan was involved with marijuana prior to the incident in question, because he attended a school where other students used drugs and alcohol, because he was on his school's wrestling team, because his mother could not point to specific occasions during which she expressed her negative opinions about drug use, and because, on the day of the incident in question, she attended a social event in New York City and did not arrange for someone to watch her sixteen-year-old son while she was out, genuine issues of material fact exist regarding whether the defendant satisfied the standard of care in controlling her son's conduct.
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Internal quotation CT Page 1950 marks omitted.) Fraser v. United States, 236 Conn. 625, 639, 674 A.2d 811, cert. denied, 519 U.S. 872, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996). It is a "method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). It is well-established that "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Gaynor v. Payne, 261 Conn. 585,590-91, 804 A.2d 170 (2002).
 Doctrine of Parental Immunity
This is not the first time the defendant has mischaracterized the doctrine of parental immunity and has asserted it as a bar to liability when applied to the facts of this case. Relying on the Supreme Court's decision in Crotta v. Home Depot, Inc., 249 Conn. 634, 732 A.2d 767
(1999), on March 3, 2000, the defendant moved to strike count two of the plaintiff's complaint and asserted the argument that the action was barred by the doctrine of parental immunity. The court, D'Andrea, J., held that both the holding in Crotta and the doctrine of parental immunity were inapplicable to the facts in this case. See Robyn v. Palmer-Smith, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 99 0174453 (February 20, 2001, D'Andrea, J.). For the reasons set forth below, this court agrees and holds, in this case, that the doctrine of parental liability is an inappropriate argument on which to base summary judgment for the defendant.
The doctrine of parental immunity "bars an unemancipated child fromsuing his or her parents for personal injuries . . . Under this doctrine a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Crotta v. Home Depot, Inc., supra,249 Conn. 638. In this case, no unemancipated child is suing his or her own parents for personal injuries; rather, the plaintiff is suing Nolan Palmer-Smith and Nolan Palmer-Smith's mother for injuries the plaintiff allegedly sustained as a result of Nolan's actions.
The Supreme Court also concluded "that the doctrine of parental immunity operates to preclude the parent of a minor plaintiff from being joined as a third party defendant for purposes of apportionment of CT Page 1951 liability, contribution or indemnification based on the parent's allegedly negligent supervision of the minor plaintiff." Crotta v. HomeDepot, Inc., supra, 249 Conn. 644-45. Here, the defendant is not the parent of a minor plaintiff and is not being joined as a third party defendant for any purpose. Rather, this case involves a situation where the plaintiff seeks recovery from a minor defendant and his co-defendant mother for the minor defendant's acts. Therefore, because this court does not find the defendant's liability is, as a matter of law, barred by the doctrine of parental immunity, this argument is not a sound basis for summary judgment in favor of the defendant.
 Parental Liability for a Child's Tort
The defendant asserts, correctly, that "[a]t common law, the torts of children do not impose vicarious liability upon parents qua parents . . ." (Citation omitted.) Kaminski v. Fairfield, 216 Conn. 29, 34,578 A.2d 1048 (1990). Our Supreme Court has explained that liability did not extend "unless [the parents] themselves were independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies." LaBonte v. Federal Mutual Ins. Co.,159 Conn. 252, 256, 268 A.2d 663 (1970). Section 316 of the Restatement (Second) of Torts explains: "A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control." See Repko v. Seriani, 3 Conn. Cir.Ct. 374, 376, 214 A.2d 843 (1965) (quoting 2 Restatement (Second) of Torts § 316 (1965)).
Because the plaintiff has not alleged that the defendant entrusted her son with a dangerous instrumentality, this court must decide whether, viewing "the evidence in the light most favorable to the nonmoving party"; Buell Industries Inc. v. Greater New York Mutual Ins. Co.,259 Conn. 527, 550, 791 A.2d 489 (2002); a question of material fact exists as to whether the defendant, having the ability to do so, failed to restrain her child who she either knew or should have known possessed dangerous tendencies. For the reasons set forth below, this court finds that no genuine issue of material fact exists and the defendant is entitled to judgment in her favor as a matter of law.
The defendant argues that the plaintiff cannot show "1. that [Nolan Palmer-Smith's] alleged dangerous tendency, drug use, has a dangerous tendency to harm others; 2. that the defendant . . . knew or should have CT Page 1952 known that Nolan Palmer-Smith was engaged in drug activity; and 3. that the defendant . . . failed to restrain her child properly." She maintains not only that the plaintiff has no evidence that drug use constitutes a dangerous tendency, but also suggests that drug use is a "poor personal choice" and has little, if any, connection to the injury of another. In addressing the second requirement, the defendant, assuming arguendo that drug use is a dangerous tendency, contends the plaintiff cannot present any evidence which shows that the defendant knew or should have known that her son was involved in drug activity. Finally, the defendant argues that even if drug use is a dangerous tendency, even if she either knew or should have known that her son had dangerous tendencies, the plaintiff has no evidence to show that the defendant had reason to suspect that the drug use could lead to injury of another and that she had a "reasonable way" of restraining her son. The defendant has submitted a "Drug/Alcohol Evaluation Report" by Leonard A. Kenowitz, Ph.D./CADC and her own affidavit to support her motion for summary judgment.
In response, the plaintiff has presented a certified transcript of the defendant's deposition taken January 8, 2002. To rebut the defendant's arguments, in his memorandum in opposition, the plaintiff continually points to sections of the transcript where: the defendant admits knowledge of Nolan's use of marijuana prior to the incident which is the subject of this action; the defendant admits knowledge of drug and alcohol use by children who attended Nolan's school around the time during which the incident which is the subject of this action occurred; although she claimed her children knew her negative opinion of and intolerance of drug use, the defendant could not relate an exact conversation where she expressed these opinions; and the defendant admits knowledge of Nolan's membership on his school's wrestling team. The plaintiff also focuses on the defendant's own work and social plans and knowledge of her son's whereabouts on September 26, 1997, the day of the incident.
Our Supreme Court has "emphasize[d] the important point, that [a]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., supra, 259 Conn. 550. CT Page 1953
The plaintiff has not disclosed any evidence to support his contention that Nolan had any dangerous tendencies, drug use or otherwise, of which the defendant either was or should have been aware. Although the plaintiff has revealed, through the defendant's deposition testimony, that Nolan was implicated in a situation involving marijuana, the plaintiff has not submitted any evidence that Nolan's involvement with marijuana either created, encouraged or was indicative of a tendency within him to harm others. While, as the plaintiff asserts, wrestling may be an aggressive sport, the plaintiff has submitted no evidence tending to show that Nolan's participation in the school-sponsored extracurricular activity either created, encouraged or was indicative of a dangerous tendency.
In addition to the involvement with marijuana and participation on the wrestling team, to support his contention that the defendant either knew or should have known that the defendant had a tendency to harm others and had a duty to control her son's actions, the plaintiff relies further on the defendant's admission that she was aware of drug and alcohol use among Nolan's schoolmates, and that, although she claims that her children were aware of her feelings about drug use, the defendant could not refer to any specific conversations with Nolan during which she expressed her opinions.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact . . ." (Citations omitted; internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). The plaintiff correctly argues that whether the defendant used reasonable care in controlling her son is a question of fact; this argument, however, presupposes the existence of a duty, and it is well established that "[t]he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456, 483, 717 A.2d 1177
(1998).
As quoted above, "[a] very clear enunciation of the duty of parents to control the conduct of their children is to be found in the Restatement, 2 Torts, § 316, as follows: `A parent is under a duty to exercise CT Page 1954 reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control.'" Repko v. Seriani, supra, 3 Conn. Cir. Ct. 376. Therefore, at common law, a parent's duty to control his or her child is not absolute and a parent is not strictly liable for his or her child's conduct. As in most questions of duty, foreseeability is involved. The problem for the law is to determine, in hindsight, what harm is foreseeable. The Supreme Court has held that one must consider the "attenuation between [the defendant's] conduct, on the one hand, and the consequences to and the identity of the plaintiff, on the other hand." RK Constructors, Inc. v.Fusco Corp. , 231 Conn. 381, 387-88, 650 A.2d 153 (1994).
Essentially, the plaintiff asks this court to make linear connections among the facts presented. The plaintiff argues that because, before the incident in question, Nolan had been involved with marijuana, was on his school's wrestling team and attended a school where other children used drugs and alcohol that he had dangerous tendencies to harm others and his mother should have known about these tendencies and had a duty to control her son's behavior. The plaintiff asserts that there are genuine issues of material fact regarding whether the defendant either knew or should have known that, based on the evidence presented, Nolan was likely to ingest hallucinogenic drugs and violently attack his friend, the plaintiff, and whether the defendant took adequate steps to control Nolan's conduct. The connection between the defendant's conduct and the plaintiff's injuries are, however, in this case, too attenuated.
It is understood that summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnolopies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed inthe light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
Based on the evidence presented, viewed in the light most favorable to the plaintiff, this court holds that, in this situation, the defendant did not have a duty to exercise reasonable care to control the conduct of her minor child. Therefore, the defendant is entitled to judgment as a matter of law and her motion for summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of February 2003.
William B. Lewis, Judge CT Page 1955
[EDITORS' NOTE: This page is blank.] CT Page 1956